[No. 20490. In Bank. — March 21, 1889.]

## IN RE HYMES H. LOWENTHAL.

ATTORNEY AT LAW — ACCUSATION FOR DISBARMENT. — When the facts stated in an accusation for the disbarment of an attorney show misconduct on his part as an attorney sufficient to put him upon his trial, a demurrer to the accusation will not be sustained upon the ground that the facts are stated in narrative form, without any allegations connecting them with one or the other of the general charges of misconduct.

ID. — STATUTE OF LIMITATIONS. — A charge of misconduct against an attorney as ground of disbarment is not subject to the defense of the statute of limitations as matter of law; though the court might not be willing to disbar or suspend an attorney if it appeared that there had been unreasonable delay in the presentation of the charges, so that a fair opportunity could not be had for procuring the witnesses and meeting the accusation.

PROCEEDING for the disbarment of Hymes H. Lowenthal from his office of attorney and counselor at law.

The facts are stated in the opinion of the court.

*Edward R. Taylor, John H. Boalt,* and *Ralph C. Harrison,* for Relator.

*W. W. Cope,* and *P. F. Dunne,* for Respondent.

WORKS, J.— This is an accusation for the disbarment of the respondent, an attorney of this court. The accusation charges generally "that heretofore, to wit, at the several times hereinafter mentioned, said Lowenthal violated the said oath taken by him as such attorney and counselor at law, by,— 1. Not maintaining the respect due to the courts of justice and judicial officers of his state; 2. By counseling and maintaining a defense to an action which did not appear to him legal or just; 3. By employing means in defense of an action which were inconsistent with truth; 4. By misleading in an action in this state the judge of the court by artifice and by false statement of fact and law."

Following this is a full narrative statement of the acts and conduct of the respondent claimed to constitute the misconduct above charged.

There is a demurrer to the accusation, which raises the only question to be determined. The demurrer is upon the general ground that the accusation does not state facts sufficient to constitute any offense or violation of the oath of said Lowenthal, as attorney and counselor at law, or any cause for disbarment. The demurrer also goes to that part of the accusation setting out the facts relied upon, upon the same ground. The further ground of demurrer is, that the offenses charged are barred by the statute of limitations. The specific objection made to the allegation of facts, urged at the argument, is that the facts set out are not attempted to be applied to any

of the specifications alleged, but are stated generally, leaving it for the respondent and the court to apply them as best they may.

We must say that the accusation is not a model pleading in this respect. The facts stated, as we have said, are set out in narrative form, without any allegations connecting them with one or the other of the general charges of misconduct, and are unnecessarily long, but we think they are such as to show misconduct on the part of the respondent, as an attorney of this court, sufficient to put him upon his trial. As these facts will necessarily have to be more fully considered upon the final hearing, we do not set them out here in full, or comment upon them.

As to the objection made that the offenses charged are barred by the statute of limitations, it appears that the acts complained of were committed some three years since. We do not understand that a charge of this kind can be barred by the statute of limitations, or that it should be, under any circumstances. The fullest opportunity should be given to investigate the conduct of an attorney who is charged with a violation of his duties as such; and while this court might not be willing to disbar or suspend an attorney if it appeared that there had been unreasonable delay in the presentation of the charges, so that a fair opportunity could not be had for procuring the witnesses and meeting the accusation, we are not prepared to say, as a matter of law upon this demurrer, that the accusation is barred either by the express terms of the statute of limitations or by analogy.

For the reasons stated, the demurrer to the accusation is overruled, and the respondent is allowed twenty days within which to prepare and file his answer.

PATERSON, J., McFARLAND, J., SHARPSTEIN, J., THORN-TON, J., and BEATTY, C. J., concurred.