[L. A. No. 25097. In Bank. Oct. 24, 1958.]

BRUCE MACFARLANE, Appellant, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al., Respondents.

John J. Bradley for Appellant.

Edmund G. Brown, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Respondents.

SCHAUER, J.—The superior court, pursuant to an alternative writ of mandate issued upon the petition of Bruce Macfarlane (sometimes hereinafter, called petitioner), reviewed proceedings theretofore had before respondent Department of Alcoholic Beverage Control (hereinafter termed the department) and rendered judgment upholding the findings and conclusions of the department as well as its order revoking an on-sale liquor license held by petitioner and one Faye M. Wine. (See Cal. Const., art. XX, § 22; Alcoholic Beverage Control Act, Bus. & Prof. Code, div. 9, ch. 7.) Petitioner has appealed, and as ground for reversal contends that the department and the hearing officer misconstrued the legal effect of a conviction suffered by petitioner of violation of subdivision 3 of section 337a of the Penal Code (''receiving, holding, or forwarding'' wagers on horse races), and that such alleged misconstruction establishes that the decision of the department (which was affirmed by its appeals board) was not based upon the discretion which the law declares shall be exercised in the revocation of liquor licenses, but instead was arbitrary and unlawful. We have concluded that no showing has been made that the decision revoking the license was affected by any misconception as to the law, or that an abuse of discretion occurred. Accordingly, the judgment should be affirmed.

Section 22 of article XX of the California Constitution declares, so far as here material, that ''The department shall have the power, in its discretion, to . . . revoke any specific alcoholic beverage license if it shall determine for good cause that the . . . continuance of such license would be contrary to public welfare or morals, or that a person . . . holding a license has violated any law prohibiting conduct involving moral turpitude.'' (See also Bus. & Prof. Code, § 24200, subd. (a).)

■ It appears that a decision revoking liquor license, such as is here under attack, is "final, subject to review for excess of jurisdiction, errors of law, abuse of discretion and insufficiency of the evidence, and that where there is error the matter ordinarily should be remanded to the board for further proceedings." (*Covert* v. *State Board of Equalization* (1946), 29 Cal.2d 125, 132 [6, 7] [173 P.2d 545].)

The written accusation filed with the department stated as follows the "facts constituting ground for suspension or revocation of license": "On September 26, 1955, Bruce Macfarlane . . . was in the Superior Court . . . convicted of violation of section 337(a) subsection 3 thereof of the Penal Code of California as charged in an information on file therein accusing him with . . . on April 13, 1955, on his above-designated premises, where he and the other respondent co-licensee [Wine] were then the holders of . . . on-sale general license, . . . taking, holding, and forwarding bets upon horse races, and sentence being suspended, respondent licensee was placed upon probation for the term of one (1) year and ordered to pay a fine in the sum of $250.00."

Bruce's Café, located in Lennox, California, constitutes the premises referred to in the accusation. Following a hearing on the accusation, the hearing officer made the following proposed decision, which was thereafter adopted by the department and affirmed by the appeals board:

"Findings of Fact: . . . That it is true that on 9/26/55 respondent . . . Macfarlane was in the Superior Court . . . after jury trial, convicted of violation of Section 337(a) subsection 3 of the California Penal Code, *a felony* [italics added], as charged in an information filed with said court . . . ; that following conviction of said offense, the said court . . . on 10/31/55, did sentence the said Bruce Macfarlane to the County Jail . . . for a term of six months, sentence was then suspended, and said Bruce Macfarlane placed on probation for a period of one year and ordered to pay a fine in the amount of $250.00.

"That said Bruce Macfarlane was arrested on the above-licensed premises on 4/13/55, that said arrest was on the above charge and the events immediately preceding said arrest constituted the cause for said conviction; that said events were as follows:

"(a) On 4/12/55 a Deputy of the Los Angeles County Sheriff's office did attempt on the above-licensed premises to place a bet on a horse race with said Bruce Macfarlane; that

on said occasion said Bruce Macfarlane did refuse to take said bet stating in effect that it was too late that day for him to get said bet in, that Bruce Macfarlane did then refer said Deputy to a patron in said premises whom Bruce Macfarlane stated would and who did in said premises take the said bet.

"(b) That on 4/13/55 said Deputy did again return to said premises and thereon did place with said Bruce Macfarlane a $2.00 bet on a horse running that day at Golden Gate Fields; that said Bruce Macfarlane did accept said bet and that said action did result in his arrest on said premises and the filing of the above information and the above conviction.

"That the taking of unlawful bets on horse races in premises licensed for the sale of alcoholic beverages and the taking of such bets by persons licensed to sell alcoholic beverages are both contrary to public welfare and morals.

"That continuance of the above license would be contrary to public welfare and morals.

". . . [Petitioner has been] Licensed since 1945 with no prior record of disciplinary action."

Under the heading "Determination of Issues Presented" the subject decision declares, so far as here material: "2. That respondent Bruce Macfarlane did violate and respondent Faye M. Wine did permit a violation of California Penal Code Section 337(a) (3) on the above licensed premises; that said violation and act of permitting said violation constitute a grounds [sic] for the suspension or revocation of the license under Article XX Section 22 of the Constitution . . . 3. That by reason of the conviction of . . . Macfarlane for violation of Section 337(a) (3) of the California Penal Code continuance of the license would be contrary to public welfare and morals within the meaning of Article XX Section 22 of the Constitution. . . ." As above stated, the penalty imposed by the department was revocation of the liquor license.

Petitioner contends that the "finding" which recites that he was convicted of "violation of Section 337(a) subsection 3 . . ., a felony, as charged in an information," is contrary to undisputed evidence which establishes that the conviction was of a misdemeanor rather than of a felony, and that as a result of the department's "misconception of the legal effect of the judgment of conviction" it "could not make a decision of what is just and proper" and "could not exercise a discretion in accordance with law, that was guided by fixed legal principles . . . in regard to the existence of 'good cause' to suspend or revoke" the subject license.

Section 337a of the Penal Code, for violation of which petitioner was convicted, specifies that the punishment shall be "imprisonment in the county jail or state prison. . . ." Section 17[1] of the same code provides that "A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor. When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison." █ Thus, after entry of the judgment imposing punishment on petitioner by imprisonment in the county jail, the crime of which he was convicted is to be deemed a misdemeanor for all purposes and he is not thereafter to be subjected to the statutory disabilities or deprivations which accompany or ensue from a felony conviction. (See also Pen. Code, §§ 2600, 2604; *Pearson* v. *County of Los Angeles* (1957), 49 Cal.2d 523, 543-544 [18] [319 P.2d 624]; *People* v. *Hamilton* (1948), 33 Cal.2d 45, 50 [1, 2] [198 P.2d 873].) It follows that at the time of the hearing and the decision on the liquor license accusation here involved, to designate or treat as a "felony" the crime of which petitioner had been convicted would be erroneous.

█ From the record herein it does not, however, appear that petitioner was regarded or treated as standing convicted of a felony after the county jail sentence had been imposed. The "finding" that "it is true that . . . [petitioner] was . . . convicted of violation of Section 337(a) subsection 3 of the California Penal Code, a felony, as charged in an information" etc., by its express language has reference to the crime *as charged in the information* and to petitioner's conviction of that charge. Obviously the defendant was convicted of the crime "as charged" and it was not until the trial court, in the exercise of its discretion, had imposed a county jail sentence that the crime was to "be deemed a misdemeanor."

█ The record clearly indicates that the department's decision was based upon the acts committed by petitioner which constituted a violation of section 337a, subdivision 3, and upon the fact that he had been convicted of the violation, rather than upon any view or determination that the crime was a felony on the one hand, or a misdemeanor on the other. Thus, as already quoted hereinabove, the department "found"

---

[1] As amended in 1957, in respects not here material.

that "the taking of unlawful bets on horse races in [licensed] premises . . . and . . . by [licensed] persons . . . are both contrary to public welfare and morals. That continuance of the above license would be contrary to public welfare and morals." And the "determination of issues" was that petitioner violated section 337a, subdivision 3, on the licensed premises, that under the constitutional provisions such *violation* constitutes ground for suspension or revocation of license, and that by reason of the *conviction* of petitioner for such violation "continuance of the license would be contrary to public welfare and morals within the meaning of Article XX Section 22 of the Constitution." Moreover, the only reference made by either the hearing officer or the department to the conviction as being a "felony" appears in the recital in the "findings" to which petitioner objects, and the language used in that recital appears to have simply been copied from the minutes of the superior court which state the fact of the conviction of petitioner "of the crime of VIOLATION OF SECTION 337a, Subdivision 3, Penal Code of California, a felony, as charged in the information," and further set forth the sentence and the probation period.

The proof of petitioner's conviction in the superior court was made by introducing into evidence the records of that court, including the quoted court minutes. Both the minutes of the superior court and the decision of the department set forth the sentence (imprisonment in county jail) which as a matter of law establishes the crime as a misdemeanor rather than a felony. ▆▆ Knowledge of the law is presumed. (*People* v. *Munroe* (1893), 100 Cal. 664, 670 [35 P. 326, 38 Am.St.Rep. 323, 24 L.R.A. 33]; *Allen* v. *Allen* (1892), 95 Cal. 184, 199 [30 P. 213, 16 L.R.A. 646]; see also *Central Pac. Ry. Co.* v. *Droge* (1915), 171 Cal. 32, 42 [151 P. 663]; *People* v. *Kehoe* (1898), 123 Cal. 224, 228 [55 P. 911, 69 Am.St.Rep. 52]; *Estate of Carroll* (1956), 138 Cal.App.2d 363, 365 [291 P.2d 976]; 20 Am.Jur. 208, § 211; 18 Cal.Jur.2d 503.) ▆▆ Hence, it does not appear that the department was under a misapprehension as to the facts or the law, or that any such misapprehension entered into the determination that the continued holding of a liquor license by petitioner would be contrary to public welfare and morals or contributed to the decision that the license should be revoked rather than merely suspended. In this connection, petitioner properly concedes that "it, no doubt, is in the power of respondent Department to determine that the con-

duct of appellant in forwarding a $2 bet . . . was of such nature as to make his holding of an on-sale liquor license contrary to public welfare or morals . . . [and] such conduct may be a basis for a conclusion that 'good cause' existed for the Department to exercise its discretion in regard to whether'' the license should be suspended or revoked.

It may be further noted that during the hearing in the department the only person who used the word ''felony'' was petitioner's then counsel. Twice while cross-examining the deputy sheriff who arrested petitioner such counsel apparently followed the language of the above quoted court minutes in referring to violation of section 337a as a felony.[2] This, of course, was not an incorrect reference by counsel and neither does it show that the department was under any misapprehension as to the nature of the crime charged or as to its character after sentence was pronounced.

█ Petitioner also urges that revocation, rather than mere suspension, of license is too harsh. On the record this might appear to some of us to be a just criticism. But no such determination is within our proper function. The conduct for which the license was revoked constituted a crime under the laws of this State, and was thus at least technically contrary to public welfare or morals. The Constitution (art. XX, § 22) expressly authorizes license revocation in the discretion of the department under such circumstances, and this court is not free to substitute its own discretion as to the matter, even if it were inclined so to do.

In summary, we hold that no abuse of discretion is shown. The judgment denying the writ is therefore affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Spence, J., and McComb, J., concurred.

---

[2]The questioning was as follows:

''Q. [By petitioner's counsel.] And the arrest that you were attempting to perfect or consummate was what we call a violation of Section 337(a) of the Penal Code, a felony in this state? A. Yes, sir.

''Q. As a matter of fact, it is a felony in this state, too, not only by one who takes a wager, but also by one who makes a wager, isn't that also your understanding?''