[Civ. No. 18558. First Dist., Div. Two. July 17, 1959.]

EDWARD M. MALONEY, Appellant, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al., Respondents.

Emmet F. Hagerty for Appellant.

Stanley Mosk, Attorney General, and Albert W. Harris, Jr., Deputy Attorney General, for Respondents.

KAUFMAN, P. J.—This is an appeal by Edward M. Maloney, the licensee, from a judgment of the trial court denying his petition for a writ of mandate to set aside a decision of the Department of Alcoholic Beverage Control revoking his license.

In April 1953, appellant applied for and received a general on-sale liquor license for premises known as ''Red Maloney's''

in San Francisco. In April 1956, the department filed an accusation against the appellant charging him with violations of sections 25601 and 24200, subdivisions (a), (b) and (d) of the Alcoholic Beverage Control Act. The hearing officer found that the accusation was true, as the appellant had permitted gambling on the premises in violation of section 25601 and section 337a of the Penal Code, and the appellant and his employees had pleaded guilty to a public offense involving moral turpitude, namely a violation of title 18, United States Code, section 371 [conspiracy to commit offense or to defraud United States], and title 26, sections 4401, 4411, and 7201 [attempt to evade or defeat any tax imposed by title 26]. The hearing officer found that grounds for suspension or revocation of the license under section 24200, subdivisions (a) and (d), had been established and recommended revocation of the license on each of the four counts contained in the accusation. The department adopted his recommendation and revoked appellant's license in December 1956.

The appellant then appealed to the Alcoholic Beverage Control Appeals Board, which affirmed the department on all grounds. Appellant commenced this action in the superior court to obtain a writ of mandate to set aside the decision of the department. The superior court received the entire record and denied the appellant's petition. On appeal, it is argued that: (1) the findings of fact made by the department are not supported by substantial evidence; and (2) the penalty imposed is unduly harsh and disproportionate to the offense.

The department found that the appellant and his employees engaged in bookmaking and permitted bookmaking to take place on the licensed premises (Counts I, II, and IV), and that the appellant licensee and his employees pleaded guilty to the felony of conspiracy to evade payment of federal taxes (Count III). The evidence is uncontroverted. The appellant himself admitted that he had accepted horse race bets at his premises; that he had instructed his employees to accept such wagers, and that his income from these operations had been between $100-$200 a day. Several witnesses testified that they had placed bets on the premises during the time in question. Two of appellant's employees testified that they had accepted bets and had also pleaded guilty to a federal charge of wilfully failing to pay the federal tax levied on every person in the business of accepting wagers. Certified copies of the federal court indictments against the appellant and his employees were received into evidence, as well as a certified

copy of the judgment and commitment of appellant. In the light of the above record, there can be no question that the findings are amply supported by the evidence.

The appellant next argues that the department acted arbitrarily in determining that continuance of the license would be contrary to public welfare and morals, that neither bookmaking nor evidence of an attempt to evade the federal gambling tax involves moral turpitude and that bookmaking on the premises is not a violation of section 25601. It is not necessary to deal with all of these contentions, as it is apparent that the department's decision would still be a valid revocation if any single count can be sustained. (*Mast* v. *State Board of Optometry,* 139 Cal.App.2d 78 [293 P.2d 148].) Therefore, appellant's lengthy contentions that avoidance of the federal tax does not involve moral turpitude need not detain us further here.

In *Macfarlane* v. *Department of Alcoholic Bev. Control,* 51 Cal.2d 84 [330 P.2d 769], a license was revoked because the licensee had taken a two-dollar bet on the premises and had subsequently been convicted of a violation of section 337a, subdivision 3, of the Penal Code. In affirming the judgment the court said at pages 89-90:

"The record clearly indicates that the department's decision was based upon the acts committed by petitioner which constituted a violation of section 337a, subdivision 3, and upon the fact that he had been convicted of the violation, rather than upon any view or determination that the crime was a felony on the one hand, or a misdemeanor on the other. Thus, as already quoted hereinabove, the department 'found' that 'the taking of unlawful bets on horse races in (licensed) premises . . . and . . . by (licensed) persons . . . are both contrary to public welfare and morals.' . . . And the 'determination of issues' was that petitioner violated section 377a, subdivision 3, on the licensed premises, that under the constitutional provisions such *violation* constitutes ground for suspension or revocation of license, and that by reason of the *conviction* of petitioner for such violation 'continuance of the license would be contrary to public welfare and morals within the meaning of Article XX Section 22 of the Constitution.' "

Appellant's final contention is that the penalty is unduly harsh and disproportionate to the crime. We cannot agree. In upholding the revocation of a license in a case where one partner had failed to obtain a renewal license in the name

of the partnership, instead of in his own name alone (*Martin* v. *Alcoholic Beverage Control Appeals Board,* 52 Cal.2d 287 [341 P.2d 296]), our Supreme Court, relying on the Macfarlane case, *supra,* where a similar contention was raised, said at pages 293-294:

". . . In our recent decision in *Macfarlane* v. *Department of Alcoholic Beverage Control,* 51 Cal.2d 84 [330 P.2d 769], where a liquor license was revoked upon evidence that the licensee had violated section 337a of the Penal Code (the taking of unlawful bets on horse races at the licensed premises), we said: 'Petitioner also urges that revocation, rather than mere suspension, of license is too harsh. On the record this might appear to some of us to be a just criticism. But no such determination is within our proper function. The conduct for which the license was revoked constituted a, crime under the laws of this State, and was thus at least technically contrary to public welfare or morals. The Constitution (art. XX, § 22) expressly authorizes license revocation in the discretion of the department under such circumstances, and this court is not free to substitute its own discretion as to the matter, even if it were inclined so to do.' (P. 90.)

". . . The most that can be said is that reasonable minds might differ as to the propriety of the penalty imposed, but this fact serves only to fortify the conclusion that the Department acted within the broad area of discretion conferred upon it. (Const. art. XX, § 22; *Martin* v. *Alcoholic Beverage Control Appeals Board,* Sac. 7040, *supra, ante* [52 Cal.2d], p. 238 [340 P.2d 1].) We are therefore of the opinion that the trial court correctly determined that the Appeals Board had exceeded its powers in reversing the decision of the Department."

We can see no abuse of discretion here. In view of the foregoing, the judgment denying the petition for a writ of mandate is affirmed.

Dooling, J., and Draper, J., concurred.