[Civ. No. 19205.   First Dist., Div. Two.   Dec. 8, 1960.]

DANTE BENEDETTI, Appellant, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al., Respondents.

James Murray and Markuse & Murray for Appellant.

Stanley Mosk, Attorney General, and Albert W. Harris, Jr., Deputy Attorney General, for Respondents.

McGOLDRICK, J. pro tem.*—On August 20, 1956, the Department of Alcoholic Beverage Control (hereinafter referred to as "department") filed an accusation against one Dante Benedetti, doing business as "Paper Doll," as an on-sale general licensee of the department, charging violations in two counts of the Alcoholic Beverage Control Act. Count I was subdivided into two parts. Both charged the keeping of a disorderly house in conjunction with licensed premises, Count I(1) alleging disturbance of the neighborhood, Count I(2) injury to the public welfare and morals (Bus. & Prof. Code, § 25601).† Count II charged the keeping of a resort for sexual perverts (§ 24200, subd. (e)). The accusation further charged that by reason of the facts therein alleged, the continuance of Benedetti's license would be contrary to public welfare and morals as set forth in section 22, article XX, of the Constitution of California. Hearings were conducted, the matter was submitted, and on May 16, 1957, the department adopted the decision of its hearing officer, thereby dismissing the first part of Count I, and revoking Benedetti's on-sale general license on the bases of Counts I(2) and II severally.

Benedetti then appealed to the department's decision to the Alcoholic Beverage Control Appeals Board (hereinafter referred to as "board") which concluded that each of the counts

---

*Assigned by Chairman of Judicial Council.

†All section references hereinafter are to be the Business and Professions Code, unless otherwise indicated.

was supported by substantial evidence. However, although affirming the decision as to Count I(2), the board reversed as to Count II, stating as grounds for said reversal that since the department had elected to revoke the license on the basis of Count I(2) and a violation of section 25601, it could not, on the same evidence, impose the same penalty on the basis of Count II upon the theory that Benedetti was guilty of a second and separate offense. In *Vallerga* v. *Department of Alcoholic Beverage Control* (1959), 53 Cal.2d 313 [347 P.2d 909], the Supreme Court held section 24200, subdivision (e), to be unconstitutional, and any question as to the correctness of this ruling is now moot.

Benedetti subsequently sought review of the decision by the court below in a petition for writ of mandamus. The court issued an order staying enforcement of the order of revocation, whereupon a hearing occurred and the cause was submitted. The court subsequently filed findings of fact and conclusions of law wherein it upheld the board's decision, and judgment was entered setting aside the alternative writs and denying a peremptory writ of mandate. Benedetti appeals from this judgment.

The board's decision, affirmed by the court below, upheld the department's order of revocation on the sole ground of a violation of section 25601. ▮▮▮ Appellant contends, first, that in a prosecution under that section, proof of knowledge by the licensee or his agents of proscribed acts is necessary; second, that the evidence is insufficient to establish such knowledge in the instant case.

In *Swegle* v. *State Board of Equalization* (1954), 125 Cal. App.2d 432 [270 P.2d 518], appellant made a similar contention with regard to section 58 of the then Alcoholic Beverage Control Act (now § 25601). In finding this proposition to be without merit, the court said ". . . Appellant cites numerous cases from other jurisdictions to the effect that 'permit' means knowledge, consent, acquiescence, willingness, as distinguished from passive sufferance. However, in *Dorris* v. *McKamy*, 40 Cal.App. 267, 274 [180 P. 645], it is said that 'as defined by Webster and others, "permit" implies no affirmative acts. It involves no intent. It is mere passivity, abstaining from preventive action.' " (P. 438.)

In *Mercurio* v. *Department of Alcoholic Beverage Control* (1956), 144 Cal.App.2d 626, 630 [301 P.2d 474], the court interpreted the Swegle case as holding that the permission required by the statute does not have to be a "knowing" one

and that ''a licensee can be held to have permitted acts constituting a . . . [violation] by a showing that the acts themselves took place. Further on in the opinion, the court said ''The very fact that rules and laws providing for violations for which disciplinary action may be taken, provide that some violations must be 'knowingly' done [§ 24200.5, subd. (a)] and as to others the word 'knowingly' is omitted, indicates that in the latter cases there is no requirement that the violations be knowing ones. 'Knowingly' not being required in either rule 143 or section 24200, the use of that word in the accusation was immaterial and is not necessary to be found.'' (Pp. 630-631.) (*Brodsky* v. *California State Board of Pharmacy* (1959), 173 Cal.App.2d 680-688 [344 P.2d 68], cited by appellant, is in harmony with this decision.

In *Givens* v. *Department of Alcoholic Beverage Control* (1959), 176 Cal.App.2d 529, 534 [1 Cal.Rptr. 446], the appellant argued that inasmuch as the findings of the hearing officer showed that he had made reasonable attempts to control his customers, those findings did not support the determination that he was guilty of a violation of section 24200, subdivisions (a) and (b), and section 25601. The court, however, found that as used in the context of section 25601, ''suffers'' means ''to permit, allow, or not to forbid activities which constitute the premises a 'disorderly house.' Since an on-sale licensee has an affirmative duty to maintain properly operated premises [citation], and since acquiescence is nonetheless permission or sufferance within the purview of section 25601 [citing *Swegle*], Givens failed to perform his statutory duty. The law requires more than that a licensee make some colorable efforts toward the maintenance of lawfully conducted premises. The law demands that he in fact so conduct his business that it meets the minimum requirements of decency and morality. If, as in this present case, the overwhelming evidence shows that the tavern is in fact a 'disorderly house,' there can be but one conclusion : that the licensee has permitted or suffered such a condition to exist. . . .''

Since appellant does not contest that the evidence is sufficient to support the judgment, although refusing to concede its accuracy, we deem it unnecessary to summarize the evidence produced before the hearing officer. ■ The rule that although the factual determinations of the department may be set aside upon a showing of a lack of substantial evidence, a court may not reweigh the evidence or assess the credibility of witnesses (*Mercurio* v. *Department of Alcoholic*

*Beverage Control, supra; Brice* v. *Department of Alcoholic Beverage Control* (1957), 153 Cal.App.2d 315 [314 P.2d 807] ), therefore obviates further discussion in this regard.

█ In addition, the appellant claims that the hearing officer erred in receiving testimony to the effect that the premises in question have a reputation for being a "hangout for homosexuals," and in this connection, he urges that this was inadmissible hearsay and its receipt in evidence constituted reversible error. It is to be noted that there was no objection to this testimony during the hearing because the now invalid section 24200, subdivision (e), provided that in addition to any other legally competent evidence, the character of the premises as "a resort" for sexual perverts might be proved by general reputation. There is evidence in the record placing appellant's employees in the near proximity of the wrongful acts. There is also evidence which supports an inference that the employees were aware of the continuing misconduct, viz., on the instance occurring on May 13, 1956, following the occasion when a patron named John Cowgill invited Agent Johnson to engage in a lewd act. After Johnson left the bar with Cowgill and placed him under arrest, Johnson returned to the bar and asked Police Officer Tregoning to come outside. At this time, the bartender, Rick, warned Tregoning, who was not known to be a police officer, not to go outside with Johnson. The bartender said that several arrests had been made the night before; it would be all right as long as he did not leave the premises. Moreover, there was also evidence, unobjected to and clearly admissible in view of the acts alleged in the accusation, that appellant himself had characterized the patrons of the "Paper Doll" as being "gay" (synonymous with homosexual). Appellant also stated that in the "Paper Doll," only he and the cook named Johnny were "straight" or "square." Furthermore, section 11513 of the Government Code makes hearsay admissible in this type of administrative hearing and this applies to evidence of reputation as well as to any other type of hearsay. (*Swegle* v. *State Board of Equalization, supra*; 19 Cal.Jur.2d, § 383, p. 116; 2 Cal.Jur.2d, § 147, p. 251.) Therefore, no effective objection to its introduction could have been interposed even in lieu of section 24200, subdivision (e).

While it is true that section 11513 specifies that whereas hearsay may be used for the purpose of supplementing or explaining any direct evidence, it shall not be sufficient in itself to support a finding unless it would be admissible over

objections in civil actions. However, as we have noted above, no contention is made as to the substantiality of the direct evidence herein of such homosexual activities on the premises which has been repeatedly held to be within the purview of section 25601. It is our view that the complained-of hearsay is merely supplementary thereto and nothing more.

■ Finally, it should be noted that in the department's original decision, it was determined that the continuance of appellant's license would be contrary to public welfare and morals within the meaning of those terms as used in section 22, article XX, of the Constitution of California. In *Vallerga* v. *Department of Alcoholic Beverage Control, supra,* the Supreme Court reversed a judgment denying a writ of mandamus to compel the department to set aside its revocation grounded to a violation of the invalid section 24200, subdivision (e), despite the fact that there was sufficient evidence to sustain a revocation on said constitutional grounds. However, in that case, the trier of fact had made no findings with regard to this evidence and, furthermore, the accusation failed to put the licensees on notice that their license might thereby be revoked. Thus, to have sustained the revocation under the constitutional provision would have violated due process of law.

Neither the accusation nor the findings present such an impediment in the instant case. Appellant refrains from contending otherwise, and from charging that the licensee's knowledge of the facts is required under section 22, article XX, of the Constitution of California, confining his objection to the argument that because the board sustained the department on a different ground, this court is restricted to a consideration of that ground only. It is our view that no such restriction exists.

Judgment is affirmed.

Draper, Acting P. J., and Shoemaker, J., concurred.

A petition for a rehearing was denied January 6, 1961.