[Crim. No. 4102.   First Dist., Div. Three.   Aug. 9, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JACK ADAMS
et al., Defendants and Appellants.

Mathews & Traverse and Francis B. Mathews for Defend-
ants and Appellants.

Stanley Mosk, Attorney General, John S. McInterny and
Derald E. Granberg, Deputy Attorneys General for Plaintiff
and Respondent.

DRAPER, P. J.—■■ Defendants were charged with grand theft (Pen. Code, § 487, subd. 3), and a jury found them guilty by returning the verdict form handed to it by the court, which specified the same section. However, the jury was also instructed on Penal Code section 487a, subdivisions (a) and (b), and the order admitting defendants to probation specified their conviction under section 487a, subdivision (b). The apparent inconsistency was resolved at oral argument, where it was conceded that the parties had agreed to this element of the instruction and to the specification of the offense in the order admitting to probation. Under either section, punishment could be by confinement in either state prison or county jail (Pen. Code, § 489). In fact, each defendant was sentenced to county jail, but execution of sentence was suspended and each defendant admitted to probation on condition that restitution be made. It follows that the offense in each case was determined to be a misdemeanor (*Macfarlane* v. *Department of Alcoholic Beverage Control*, 51 Cal.2d 84, 89 [330 P.2d 769]).

One defendant is a state park ranger and the other his assistant. They saw a yearling heifer in the park shortly before it was to be opened to the public for the summer. Their superior instructed them, according to the testimony, to "do something about it," to "get rid of it," to "take care of the problem." Defendant Adams, on Maddox's instruction, shot the cow. The two defendants butchered it and took some of the meat.

It is grand theft to "feloniously steal, take, transport or carry . . . the carcass of any bovine . . . animal . . . which has been killed without the consent of the owner" (Pen. Code, § 487a, subd. (b)).

■■ Defendants argue that the evidence is insufficient to establish that the heifer was killed without the owner's consent. But one Prior testified that he and his associates ran cattle on a ranch adjoining the park, and that "we" have the registered brand on the slaughtered cow, and had not consented to its killing. There was evidence that one Tooby is the registered owner of this brand. Tooby did not testify, but the testimony of Prior is broad enough to include Tooby as one of his associates, and Prior's evidence that he and his associates owned the slaughtered cow is sufficient to establish ownership, particularly since both defendants testified and neither claimed consent of any claimed owner to the killing.

■■ The trial court did instruct the jury that the director of the state park system may grant a permit to destroy animals,

but refused other instructions requested by defendants enlarging upon the discretion vested in public officers employed by the state parks system. While we consider the proposed instructions defective in several respects, it is apparent that their refusal could not be prejudicial. The instructions did not suggest, and defendants do not argue, that the claimed discretion extended to taking the animal, when killed, for the public officers' personal use. Here the court did instruct the jury that, to constitute the charged offense, there must be a specific intent to deprive the owner of his animal. Even if it be deemed that the jury acted under section 487, subd. 3, there is evidence almost inescapably leading to the conclusion that defendants intended, before the animal was shot, to take the meat for their own use. We find no error.

The judgment is affirmed.

Salsman, J., and Devine, J., concurred.