[Civ. No. 20510.   First Dist., Div. Two.   July 18, 1963.]

ANDERSON COLEMAN et al., Plaintiffs and Appellants, v. MALCOLM E. HARRIS, as Director of the Department of Alcoholic Beverage Control et al., Defendants and Respondents.

Andrew Bodisco, Ellis Filene and Herbert Chamberlin for Plaintiffs and Appellants.

Stanley Mosk, Attorney General, and Wiley W. Manuel, Deputy Attorney General, for Defendants and Respondents.

SHOEMAKER, J.—Plaintiffs appeal from an order of the superior court denying their request for a peremptory writ of mandate.

This matter arises out of a proceeding that had its commencement on December 24, 1959, when an accusation was filed with the Department of Alcoholic Beverage Control charging Anderson and Howard Coleman, owners of the Club Manhattan and a general on-sale liquor license, with three violations of the Alcoholic Beverage Control Act. Count I of the accusation charged the Colemans with having permitted the licensed premises to be used as a resort for prostitutes in violation of Business and Professions Code, section 24200, subdivision (e); count II, that the Colemans violated Business and Professions Code, section 25601, by maintaining a disorderly house; and count III, that the Colemans had permitted a female to loiter on the premises for the purpose of begging or soliciting a customer to purchase an alcoholic beverage, in violation of Business and Professions Code, section 25657, subdivision (b).

The matter was tried and the hearing officer for the Department of Alcoholic Beverage Control recommended that the Colemans' license be revoked separately and severally as to each of the three counts. The department adopted the proposed decision of its hearing officer as to counts II and III, but ordered count I dismissed. The Colemans then appealed to the Alcoholic Beverage Control Appeals Board, which affirmed the department as to count II only. The appeals board, in so holding, specifically found that the reversal of count III did not necessitate a remand to the department, since a penalty of revocation had been imposed separately upon each of counts II and III.

The Colemans thereafter petitioned the San Francisco Superior Court for a writ of mandate setting aside the decision

revoking their license. The superior court issued an alternative writ of mandate but, after hearing, discharged that writ and refused the peremptory writ.

█ Appellants concede, at the outset, that there was sufficient evidence at the original hearing before the Department of Alcoholic Beverage Control to support count II of the accusation. Their sole contention is that the order revoking their license was a harsh and discriminatory penalty which ought not to have been imposed against first offenders who were guilty, at most, of a "passive" tolerance of the wrongful acts charged in count II of the accusation. Appellants' contention may not be sustained.

The evidence at the hearing consisted of the testimony of two agents for the Department of Alcoholic Beverage Control to the effect that they had visited the Club Manhattan in December 1959, and had been solicited to engage in acts of prostitution on five separate occasions, several of which had been called to the attention of Howard Coleman, with equivocal responses on his part and no corrective action.

The evidence favorable to appellants consisted of Howard Coleman's testimony that he had never had any prior trouble with the Department of Alcoholic Beverage Control or the San Francisco Police Department; that the licensed premises had no prior disciplinary action; and that he was not aware that certain female patrons were prostitutes.

Appellants' argument respecting the revocation overlooks the fact that the fixing of a penalty is vested in the discretion of the Department of Alcoholic Beverage Control, and its determination will be disturbed only where there is a clear abuse of discretion. (*Rosales* v. *Department of Alcoholic Beverage Control* (1959) 171 Cal.App.2d 624, 626 [341 P.2d 366].) In the instant case, appellants concede that there was substantial evidence to sustain the violation here charged. It is also the rule that a court may not substitute its own discretion for that of the department. In *Macfarlane* v. *Department of Alcoholic Beverage Control* (1958) 51 Cal.2d 84 [330 P.2d 769], appellant also contended that the revocation of his on-sale liquor license was too harsh a penalty (the conduct therein consisted in forwarding a $2.00 bet on a horse race). The court, in rejecting this argument, stated: "On the record this might appear to some of us to be a just criticism. But no such determination is within our proper function. The conduct for which the license was revoked constituted a crime under the laws of this State, and was

thus at least technically contrary to public welfare or morals. The Constitution (art. XX, § 22) expressly authorizes license revocation in the discretion of the department under such circumstances, and this court is not free to substitute its own discretion as to the matter, even if it were inclined so to do.'' (P. 91.)

The conduct of which appellants concede they were guilty constituted more than a ''technical'' breach of public welfare or morals. Although appellants argue that their conduct amounted to little more than passive tolerance of the wrongful acts which occurred on the licensed premises, this fact has little weight. ▮ Business and Professions Code, section 25601, specifically provides that a licensee who ''keeps, permits to be used, or suffers to be used'' any disorderly house in conjunction with a licensed premises, is guilty of a misdemeanor. Since the statute imposes the affirmative duty of maintaining lawfully conducted premises, it is unnecessary that the evidence show active participation on the part of the license holder in the acts which have rendered the premises injurious to the public morals. (*Benedetti* v. *Department of Alcoholic Beverage Control* (1960) 187 Cal.App.2d 213, 215-216 [9 Cal.Rptr. 525].) ▮ Neither is there any merit to appellants' contention that the revocation of their license was arbitrary because ''legions'' of similar violations have resulted in penalties much less severe. Since the proceedings against the other licensees are not a part of the record before this court, there is nothing to show what charges were made or what evidence produced in the other cases. (*Rosales* v. *Department of Alcoholic Beverage Control, supra,* at p. 626.) Moreover, there is no requirement that charges similar in nature must result in identical penalties. (*Weiss* v. *State Board of Equalization* (1953) 40 Cal.2d 772, 776-777 [256 P.2d 1].)

Order affirmed.

Kaufman, P. J., and Agee, J., concurred.