[Civ. No. 29816. Second Dist., Div. Two. Feb. 16, 1967.]

JOHN C. MUNSON, Plaintiff and Appellant, v. DEPART-
MENT OF ALCOHOLIC BEVERAGE CONTROL et
al., Defendants and Respondents.

Snyder, McLeod & Gorenfeld and Ralph R. Gordon for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and John M. Huntington, Deputy Attorney General, for Defendants and Respondents.

ROTH, P. J.—On May 24, 1963, the Department of Alcoholic Beverage Control (ABC) filed an accusation against appellant to revoke his on-sale general liquor license. ABC charged that continuance of appellant's license would be contrary to the public welfare and morals within the meaning of article XX, section 22 of the California Constitution, and section 24200, subdivisions (a) and (b), and section 25601[1] of the Business and Professions Code. Included in the charge were 36 specifically enumerated instances of solicitations to engage in acts of prostitution made by female patrons on police officers and others on appellant's premises, a bar known as "The Den" in Wilmington, between July 19, 1960, and May 4, 1963.

On January 22 and 23, 1964, a hearing was held in which the ABC hearing officer determined that 21 of the instances charged were true, and recommended revocation of appellant's license. On rehearing, the department affirmed its decision. On petition of appellant, the ABC Appeals Board reviewed the case and affirmed the order revoking appellant's license.

Appellant thereupon petitioned for a writ of mandate to

[1]Section 25601 reads in full: "Every licensee, or agent or employee of a licensee, who keeps, permits to be used, or suffers to be used, in conjunction with a licensed premises, any disorderly house or place in which people abide or to which people resort, to the disturbance of the neighborhood, or in which people abide or to which people resort for purposes which are injurious to the public morals, health, convenience, or safety, is guilty of a misdemeanor."

compel reinstatement of his revoked license. The trial court found that the findings of fact and decisions of the department are supported by substantial evidence, that the department did not act arbitrarily or capriciously but gave appellant a fair hearing consistent with due process, and that the penalty of revocation was not excessive or contrary to law. It denied the writ of mandate.

Appellant contends on this appeal that there was unreasonable delay in the prosecution of the charges against him, prejudicing him in meeting their allegations, and resulting in a denial of due process of law. He also argues that the evidence produced—that prostitutes were regular patrons of ''The Den''—does not justify disciplinary action against his license under the holding in *Stoumen* v. *Reilly*, 37 Cal.2d 713 [234 P.2d 969].

The transcript of the proceedings before the ABC hearing officer is not before us. Evidence summarized in the briefs amply supports the findings, one of which in pertinent part is as follows: ''[The] bar is located near the docks in the Wilmington area and is patronized primarily by longshoremen and merchant seamen with the latter class predominating. The hiring hall for longshoremen is about 200 feet from the back door of the premises. A door or two from the premises is the Southern Hotel. Both [appellant] and his night bartender have been aware of the fact for several years that Negro prostitutes frequent the immediate area. The modus operandi of most of them frequenting [appellant's] premises has been to instruct the man solicited in the bar to leave by the front door while the prostitute leaves by the rear and then meeting in front of the Southern Hotel. The activities of the prostitutes in the bar in carrying out their profession has made the bar in fact a disorderly house and this continuing misconduct over such a period of time has been such that a reasonable man would or should know of it and supports the inference that it was suffered and permitted by [appellant] and his employees.''

Testimony of police officers indicated that the conversations between them and the prostitutes were often within the hearing of appellant's bartender, Paul. Also, on at least one occasion, express effort was made by the officer to make the conversation audible to others in the bar: Officer Handley testified that on December 13, 1962, he pretended to be hard of hearing and that one Brown told him her charge was ''Two dollars for the hotel and $10 for herself'' in so loud a voice

that everyone in the bar, including Paul, turned to look at the officer and the girl.

Officers Clare, Munoz and Grutsch testified that as early as 1961, the bartender was warned about solicitations by prostitutes on the premises. A list of about 40 known prostitutes was given by the officers to Paul. The situation improved for about a month. The improvement was temporary.

The evidence also showed that one of the bartenders at "The Den" was warning prostitutes when police officers he recognized were present. The bartender was warned by police.

Appellant's defense to the accusations was that he always instructed his bartenders not to serve or allow prostitutes on the premises and since he could not continuously be present on the premises, he relied on his employees to enforce this policy. The bartenders denied knowledge that the solicitations alleged took place, and also that they were given a list of known prostitutes by police officers.

Section 24207 of the Business and Professions Code provides for the filing of all accusations arising out of violations of section 25601, among others, within three years of the violation. The accusation before us was filed in May 1963, and charged violations occurring after July 1960. Of those found true, one occurred in October 1960, two in 1961, 15 in 1962, and three in the first five months of 1963. All were within the three-year period. Ten occurred within one year of the filing of the accusation.

Appellant relies on *In re Lowenthal,* 78 Cal. 427 [21 P. 7], for the proposition that if unreasonable delay is shown, a court may not permit disciplinary action to be taken by an administrative agency. *Lowenthal* involved a disbarment proceeding against an attorney. Defendant demurred, contending the accusations barred by the statute of limitations. Unlike the instant case, there was no express statute of limitations. The court overruled the demurrer, stating:

". . . [W]hile this court might not be willing to disbar or suspend an attorney if it appeared that there had been unreasonable delay in the presentation of the charges, so that a fair opportunity could not be had for procuring the witnesses and meeting the accusation, we are not prepared to say, as a matter of law upon this demurrer, that the accusation is barred either by the express terms of the statute of limitations or by analogy." (*In re Lowenthal, supra,* at page 429.) See also, *Rudolph* v. *Athletic Commission,* 177 Cal.App.2d 1, 22 [1 Cal.Rptr. 898].)

602

When charges are filed within the statutory period, any delay is without legal significance. (*People* v. *Lewis*, 208 Cal.App.2d 422, 425 [25 Cal.Rptr. 298]; *People* v. *McDaniel*, 169 Cal.App.2d 536, 539 [337 P.2d 537].) No showing has been made of deliberate delay on the part of ABC in filing the accusation, or of any prejudice other than appellant's conclusory assertion. The delay could have been to appellant's benefit, had he heeded the warnings of the police that solicitations were taking place in his "Den." A sincere effort to eliminate the illicit practices pointed out might have saved his license.

Appellant contends that the evidence establishes only that prostitutes congregated in his bar and that this alone is insufficient to support revocation of his license. In *Stoumen* v. *Reilly, supra,* at page 716, the court held that mere proof that homosexuals patronized a bar and used it as a hangout, "without proof of the commission of *illegal or immoral acts on the premises,* or resort thereto for such purposes, is not sufficient to show a violation of section 58 [now section 25601 of the Bus. & Prof. Code]." (Italics added.)

The accusation against appellant was not merely that he allowed his premises to be frequented by prostitutes. He was expressly charged with permitting prostitutes to solicit acts of prostitution in his bar. The evidence supported these charges. Solicitation of prostitution is an "illegal" act as the term is used in *Stoumen;* it is expressly made unlawful by section 647, subdivision (b) of the Penal Code.

The distinction between patronage of premises by homosexuals, or prostitutes, and allowing improper acts to take place in a licensed bar, is clear. (See *Vallerga* v. *Department of Alcoholic Beverage Control,* 53 Cal.2d 313, 318-319 [1 Cal. Rptr. 494, 347 P.2d 909].) Proof that solicitations of prostitution occurred in "The Den" was sufficient to sustain a finding of violation of section 25601, and the revocation of appellant's on-sale license.

It was aggressively argued before the hearing officer that there must be an affirmative showing by specific direct evidence that appellant's bartender was aware of the solicitations taking place and at least tacitly permitted the violations. Although appellant's bartender specifically denied "permitting" the acts, the hearing officer found that he knew what was taking place and permitted it. No showing of specific permission is required by section 25601. As was stated

in *Morell* v. *Department of Alcoholic Beverage Control,* 204 Cal.App.2d 504, at pp. 511-512 [22 Cal.Rptr. 405] :

"Section 25601 does not provide that the condition of the licensed premises denounced by it must be knowingly created. No proof of knowledge by the licensee or his agents of the acts proscribed by the section is necessary, it being sufficient that the evidence show that such acts took place on the licensed premises. (*Benedetti* v. *Department of Alcoholic Beverage Control,* . . . 187 Cal.App.2d 213, 215-216 [9 Cal.Rptr. 525] ; *Givens* v. *Department of Alcoholic Beverage Control,* . . . 176 Cal.App.2d 529, 534 [1 Cal.Rptr. 446]. . . .)"

(See also *Coleman* v. *Harris,* 218 Cal.App.2d 401, 404 [32 Cal.Rptr. 486].)

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.