Filed 9/22/16  Wyatt v. Freeman CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| HARLEY WYATT,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>DAVID FREEMAN,<br><br>  Defendant and Respondent. | B266245<br><br>(Los Angeles County<br>Super. Ct. No. BC514905) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joseph R. Kalin, Judge.  Affirmed.

Ivie, McNeill & Wyatt and Chandler A. Parker for Plaintiff and Appellant.

The Jameson Law Firm and Guy E. Jamison for Defendant and Respondent.

_____

Appellant Harley Wyatt is a successor trustor of a second deed of trust held by respondent David Freeman. Freeman initiated a trustee's foreclosure sale at which he made a full credit bid and obtained a trustee's deed to the subject property. In this action Wyatt seeks to set aside the trustee's deed on the ground that statutory notice was not given. She contends that because she first learned of the sale less than 10 business days before it occurred she did not have sufficient time to cure the default. The trial court granted Freeman's motion for summary judgment, ruling that proper notice was given and that, in any event, Wyatt was incapable of showing prejudice from lack of notice. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2002, Wyatt's daughter, Paula Boyd, acquired the property at issue—a 16-unit apartment building located at 125 West Chestnut Street in the City of Glendale. Boyd financed the purchase with a $100,000 loan from Wyatt which she used for part of the down payment, and a $500,000 mortgage from East West Bank. The bank recorded its note and first deed of trust on the property in 2002.

Three years later, in 2005, Boyd borrowed $425,000 from Freeman, who then was her attorney in another matter. The loan was secured by a second deed of trust on the property, which was recorded in 2005.

Boyd fell behind on her loan payments to Freeman, and he threatened to foreclose the second deed of trust in 2007. Boyd claimed that Freeman had breached his fiduciary duty by charging a usurious interest rate. With the assistance of an attorney, Boyd obtained a lower interest rate and waiver of previously incurred fees and penalties, all of which was memorialized in a September 2007 settlement and mutual release agreement. The agreement stated that it was binding on successors and included a mutual release of all claims arising from the 2005 promissory note and second deed of trust.

In April 2011, Boyd recorded a grant deed transferring a five percent interest in the Glendale property to Wyatt. The grant deed was submitted to the county recorder's

2

office with instructions to mail the deed, when recorded, to "Law Offices of Eugene S. Alkana, 131 N. El Molino Avenue, # 310, Pasadena, CA 91101."

Later that month, Boyd filed for chapter 13 bankruptcy in the United States Bankruptcy Court for the Central District of California. (Case No. 2:11-b-27642-WB.) Wyatt filed an adversary petition as a creditor of Boyd's business, Aloha Coin Laundry, in October 2011.

Freeman filed a motion to lift the bankruptcy stay so that he could foreclose on the second deed of trust. A hearing on that motion was held in December 2011. The bankruptcy court granted Freeman's motion in February 2012. Wyatt's counsel, Matthew Faust, was served with notice of the order lifting the stay.

The following month, Freeman recorded a substitution naming TD Service Company as trustee of the second deed of trust. TD Service recorded a trustee's notice of default in March 2012, and, in compliance with statutory notice requirements as to Wyatt, sent copies of the notice of default by certified mail to the two addresses listed on Wyatt's grant deed: (1) the purported address of the property subject to foreclosure, erroneously listed on Wyatt's grant deed as "125 East Chestnut Street" (the correct address is 125 *West* Chestnut Street); and (2) the return address listed on Wyatt's grant deed (Alkana's address in Pasadena). After the permitted period of time had elapsed, the trustee recorded a notice of trustee's sale, and, in compliance with statutory notice requirements as to Wyatt, sent copies of the notice of sale, by certified mail, to the two addresses listed on her grant deed.

In June 2012, one month before the trustee's sale, Boyd filed a separate action against Freeman for legal malpractice, breach of contract, breach of fiduciary duty, fraud, and declaratory relief. (*Boyd v. Freeman* (Super. Ct. L.A. County, BC486054).) Boyd challenged the validity of the 2007 settlement and release agreement, claiming that Freeman had breached his fiduciary duty and charged an excessive interest rate. The trial court sustained Freeman's demurrers to the original and first amended complaint on timeliness grounds, and entered a judgment of dismissal. Boyd appealed from that

judgment. We affirmed the judgment in 2015. (*Boyd v. Freeman* (May 19, 2015, B25350) [nonpub. opn.].)

On the morning of the trustee's sale, July 16, 2012, Wyatt filed an ex parte application seeking a temporary restraining order to halt the sale. (Super. Ct. L.A. County, BC488258.) Her application was denied.

The trustee's sale was held later that day. Freeman made a full credit bid, which was accepted, and purchased the property for $591,397.64. Freeman assumed Boyd's obligations under the first deed of trust held by East West Bank.

In 2014, Wyatt filed the present action (case No. BC514905) against Freeman and T.D. Service Company (which is not a party to this appeal). The complaint alleged causes of action for wrongful foreclosure, to set aside the trustee's sale, negligence, unjust enrichment, violation of Business and Professions Code section 17200, quiet title, and punitive damages.[1]

According to her first amended complaint, the operative pleading, Wyatt did not receive any of the notices mailed to 125 *East* Chestnut Street or Alkana's Pasadena address, and only learned of the trustee's sale during the week of July 1, 2012. The 125 *East* Chestnut Street address obviously was wrong, and the notices sent there were returned to the sender with the stamped notation "no such address." Wyatt claimed Freeman knew her home address and intentionally withheld it from the trustee as part of a "cold, deliberate, callous, and intentional" plan to injure Boyd, whom he hates, by harming her mother. Wyatt alleged that she "is an elderly person, now 80 years old, for whom timely statutory notice of the foreclosure proceedings was critical to obtain legal assistance to act"; and that although Wyatt "had and has the ability to pay the claimed debt," she did not have sufficient time to do so, "solely because Defendants denied [her] the statutory 110 calendar days notice to act." Based on a market value of the property of over $2 million, Wyatt calculated her damages to be in excess of $100,000.

---

[1] Boyd's demurrers to the claims for slander of title and intentional infliction of emotional distress were sustained without leave to amend. Those causes of action are no longer at issue.

4

Freeman moved for summary judgment as to the first amended complaint. He argued Wyatt was incapable of establishing the essential elements of her action to set aside the trustee's sale, which was premised on her contention that statutory notice was not given. Freeman asserted that as a successor in interest of the trustor, Wyatt was entitled to notice at the address listed on her grant deed "for the return of the instrument after recording." (Civ. Code, § 2924b, subd. (c)(1).)[2] Freeman argued the trustee complied with this requirement. He submitted the deposition testimony of Frances DePalma, vice president of TD Services Company, in which he stated that on April 9, 2012, the trustee sent notices of default by certified mail to the two addresses listed on Wyatt's grant deed—the address of the property subject to foreclosure (125 East Chestnut Street) and the return address listed on Wyatt's deed (Alkana's address in Pasadena). DePalma testified that the trustee also sent notices of sale to these addresses on June 26, 2012.

Through the declaration of Jody Padilla, an employee of Trustee's Assistance Corporation, Freeman provided evidence that the notice of trustee's sale was posted at the subject property on June 25, 2012. Padilla explained that notwithstanding the erroneous address listed on the certificate of posting (125 East Chestnut Street), the notice was posted at the property on 125 West Chestnut Street. Freeman submitted photographs of the building where the notice was posted.

Freeman argued that because Wyatt knew as early as November 2011 of his intention to foreclose, she had several months, and not merely days, in which to cure the default. Freeman submitted the order granting his motion to lift the bankruptcy stay, which referred to foreclosure remedies, and argued that it imparted actual notice of an impending foreclosure sale.

Freeman's attorney, Guy Jamison, provided a declaration regarding his conversation with Wyatt at the conclusion of the December 13, 2011 bankruptcy court hearing on the motion to lift the stay. He claimed that during that conversation, Wyatt

---

[2] All further undesignated statutory references are to the Civil Code.

expressed a desire to avoid a foreclosure sale. Wyatt disputed this assertion, stating in her declaration, "I never spoke with Attorney Jamison about the PROPERTY or anything else." In her declaration, Wyatt claimed that her home address had been listed in the telephone directory for over 40 years, and because her address was on the list of creditors in Boyd's bankruptcy action, it was known by Freeman's attorney, Jamison, who represented Freeman in the bankruptcy proceeding. Moreover, she claimed that since 2005 when she first met Freeman, he has had actual notice of her home address in South Pasadena.

Wyatt also stated that she did not learn about the trustee's sale until the week of July 1, 2012, less than 10 business days before the sale. She stated that she had the ability "to pay the claimed debt, however, with less than 10 business days to cure the default, I was unable to effect the cure solely because of the irregularities caused by Defendants, which denied me the statutory 110 calendar days so to act."

In her declaration, Wyatt challenged Freeman's assertion that notices addressed to Wyatt were mailed to Alkana's address: "there are no documents that I am aware of that show any notices to me, Harley Wyatt, care of the Law Offices of Eugene S. Alkana or Harley Wyatt C/O the Law Offices of Eugene S. Alkana." At the summary judgment hearing, Wyatt, then represented by new counsel, argued that because the notices sent to Alkana were addressed to Alkana, not Wyatt, they did not comply with subdivision (c) of section 2924b.

After taking the matter under consideration, the court issued a written ruling granting summary judgment. The court rejected Wyatt's claim that notice was improper under subdivision (c) of section 2924b. Based on *I.E. Associates v. Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, 288 ("there is no authority for the proposition that a trustee under a deed of trust owes any duties with respect to exercise of the power of sale beyond those specified in the deed and the statutes"), the court held there was no duty to send the notices of default and sale to other addresses, such as Wyatt's home address, that were not listed on the face of her grant deed. As to prejudice, the trial court stated although there was no evidence that Freeman "informed Plaintiff in the bankruptcy of the intended

6

date of the foreclosure, . . . it appears Plaintiff knew through informal conversation that a foreclosure was 'imminent.' (See *Lehner v. U.S.* (9th Cir. 1982) 685 F.2d 1187, 1190–1191.)" "When considering that Plaintiff should have learned of the intent to foreclose in the bankruptcy proceedings, it appears that Plaintiff was not prejudiced by any defect in notice. Plaintiff also does not persuasively explain why she could not delay the foreclosure and pay the amount due when she learned of the sale the week of July 1, 2012." As all parties have now acknowledged, in ruling on summary judgment, the court could not rely on evidence about what was said in the informal conversation since Wyatt denied the conversation occurred.

The trial court held that all of the causes of action were based on the breach of a duty to send notices to other addresses not listed on Wyatt's April 2011 grant deed. Holding there was no such duty, the trial court granted the motion for summary judgment.

Wyatt moved for reconsideration. She argued that the failure to address the envelopes to Wyatt was a violation of subdivision (c) of section 2924b. She also submitted a deed of trust that Boyd had given her in 2006 to secure her loan of $180,000. That deed of trust was recorded on July 13, 2012, three days before the trustee's sale. Freeman argued that the July 2012 deed of trust was irrelevant because it was not recorded prior to the notice of default. As to the assertion that the failure to address the envelopes to Wyatt was a violation of subdivision (c) of section 2924b, Freeman responded that the trial court had previously rejected this argument.

The trial court denied the motion for reconsideration, and entered judgment in favor of Freeman. Wyatt filed a timely notice of appeal.

## DISCUSSION

A motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A moving defendant meets the burden of showing that a cause of action has no merit by

7

establishing that one or more elements of a cause of action cannot be established or that there is a complete defense. (*Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826, 849–850; *Lackner v. North* (2006) 135 Cal.App.4th 1188, 1196.)

On appeal, we independently review an order granting summary judgment, viewing the evidence in the light most favorable to the nonmoving party. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768; *Lackner v. North*, *supra*, 135 Cal.App.4th at p. 1196.) In this review, "we apply the same three-step analysis as the trial court. First, we identify the issues framed by the pleadings. Next, we determine whether the moving party has established facts justifying judgment in its favor. Finally, if the moving party has carried its initial burden, we decide whether the opposing party has demonstrated the existence of a triable, material fact issue. [Citation.]" (*Chavez v. Carpenter* (2001) 91 Cal.App.4th 1433, 1438.)

Wyatt's appeal, which is based on subdivision (c) of section 2924b, seeks to enforce the requirement in paragraph (1) that the notice must be mailed in an envelope "addressed to each person" who is entitled to notice. Freeman argues that failure to address the envelopes to Wyatt was a technical defect. Although ordinarily this would not be a trivial defect, we conclude that summary judgment was proper because Wyatt is incapable of establishing the necessary element of prejudice.

This is because the bankruptcy court order that lifted the stay for the express purpose of allowing a trustee's sale of the subject property, and which was served on Wyatt's counsel, placed Wyatt on constructive notice that a sale could occur within 110 days of the order lifting the stay. Because "[k]nowledge of the law is presumed [citations]" (*Macfarlane v. Department of Alcoholic Beverage Control* (1958) 51 Cal.2d 84, 90), Wyatt is presumed to know the statutory timeline for conducting a trustee's sale:

- After a notice of default is recorded, at least three calendar months must elapse before the trustee may proceed with the notice of sale (§ 2924, subd. (a)(2)).

8

- The "'notice of sale must be published, posted and mailed 20 days before the sale and recorded 14 days before the sale. (. . . § 2924f . . . .)' (Citation.)" (*Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 86.)

- And the default may be cured until five days before date of sale. (§ 2924c, subd. (e).)

Freeman's evidence showed that Wyatt had constructive notice that the stay was lifted in February 2012, which was five months before the July 2012 sale. The evidence also showed that during the intervening period, which exceeded 110 days, Wyatt did not cure the default. We conclude that the evidence was sufficient to shift the burden of production to Wyatt. (Code Civ. Proc., § 437c, subd. (p)(2).)

Wyatt's statement—that she did not know the actual date of the sale until 10 business days before it occurred—does not contradict or deny the constructive notice imparted by the February 2012 order lifting the stay, and thus does not create a triable issue of material fact. A genuine issue of material fact exists "'"if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." [Citation.]'" (*Mammoth Mountain Ski Area v. Graham* (2006) 135 Cal.App.4th 1367, 1371; *Sinai Memorial Chapel v. Dudler* (1991) 231 Cal.App.3d 190, 196–197 [issue of fact can only be created by a conflict of evidence].) Nor is a triable issue of material fact created by the allegation that Freeman knew Wyatt's current address. Whether or not more could have been done to notify Wyatt of the actual sale date, there was no statutory obligation to provide her with *actual* notice.

Because Wyatt does not explain her failure to gather the necessary funds during the period following the lifting of the stay, a reasonable trier of fact could not find she was prejudiced by the alleged lack of statutory notice. (See *Knapp v. Doherty*, *supra*, 123 Cal.App.4th at p. 89 [because borrowers did not cure default after receiving premature notice of sale, the procedural irregularity in giving premature notice was not prejudicial and could not justify setting aside trustee's sale].) Where, as here, there is no substantial evidence of a *prejudicial* procedural irregularity, the presumption that the

9

trustee's sale was conducted regularly and fairly (see *Lona v. Citibank* (2011) 202 Cal.App.4th 89, 105–106 [explaining common law and statutory presumptions of regularity of trustee's sale]) will prevail.  Because we find there is no triable issue of material fact as to prejudice, we conclude summary judgment was properly granted.

## DISPOSITION

The judgment is affirmed.  Freeman is entitled to his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                                EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.