George Anthony ROSSETTI, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18255.

United States Court of Appeals
Ninth Circuit.

March 6, 1963.

Rehearing Denied April 16, 1963.

Steward & Murphy, and Harry D. Steward, San Diego, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, and Elmer Enstrom, Jr., Asst. U. S. Atty., San Diego, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and PENCE, District Judge.

PER CURIAM.

This is an appeal from a conviction by a jury of knowingly aiding and abet-

ting one Kasamis in smuggling thirty-five pounds of marijuana into the United States. 21 U.S.C. § 176a; 18 U.S.C. § 2. The first point urged is the alleged insufficiency of the evidence to convict.

We have carefully reviewed the evidence introduced in the court below, the arguments made, and all instructions. While a close case is presented, we cannot conscientiously state there is insufficient substantial, though circumstantial, evidence from which the jury could not have found defendant guilty. The facts do not approach those found in Glover v. United States, 10 Cir., 1962, 306 F.2d 594, and are more nearly similar to those found in O'Neal v. United States, 9 Cir., 1962, 310 F.2d 175.

Appellant likewise claims error in the refusal to grant a new trial, because (a) the court admitted evidence relative to "flight," (b) failed to strike such evidence, and (c) instructed the jury on the theory of "flight." We find no error. Flight does not create a presumption of guilt (McFarland v. United States, 5 Cir., 1960, 273 F.2d 417, but: " 'It is to-day universally conceded that the fact of an accused's flight * * * [is] * * * admissible as evidence of consciousness of guilt, and thus of guilt itself.' " Green v. United States, 1958, 104 U.S.App.D.C. 23, 259 F.2d 180, quoting 2 Wigmore, Evidence, § 276 (3d ed.). Having placed the appellant at the border motel between midnight and 6:00 A.M. on the morning of the smuggling, appellant's actions (after the government's discovery of the smuggling attempt) in traveling two hundred miles to his then residence, precipitously packing and leaving his rented premises, taking his daughter out of school, and departing from the state with his close friend, Crea, were all facts for the jury to weigh and ponder, and to determine the weight which should be attached to each, if any.

Appellant next urges error because the trial judge (a) permitted defendant Kasamis (previously convicted of the smuggling) to testify (as he had done at his own trial), by answering three questions, and (b) failed to instruct the jury on such testimony. Any objection to either procedure was waived. No instructions, cautionary or otherwise, were proffered or objected to.

Finally appellant claims 21 U.S.C. § 176a is unconstitutional. We have held otherwise in Caudillo v. United States, 9 Cir., 1958, 253 F.2d 513, and we are given no reason to rule otherwise.

Finding no error, we affirm.