Clyde BATES and Manuel Chavez,
Appellants,

v.

Lawrence E. WILSON, Warden of San
Quentin Prison, Appellee.

No. 21366.

United States Court of Appeals
Ninth Circuit.

Nov. 20, 1967.

☞266

Ruth Jacobs, San Francisco, Cal., for appellant Bates.

Norman Leonard, San Francisco, Cal., for appellant Chavez.

Thomas C. Lynch, Atty. Gen., San Francisco, Cal., for appellee.

Before BROWNING and ELY, Circuit Judges, and BELLONI, District Judge.

BELLONI, District Judge:

Manuel Joe Chavez and Clyde Bates, in state custody following convictions for murder and arson, appeal from an order denying their petitions for writs of habeas corpus. This court has jurisdiction under 28 U.S.C. § 2253.

On April 4, 1957, gasoline and lighted matches were thrown into a bar; six persons died, others were seriously injured.[1] The indictment charged six counts of murder and one of arson, and Chavez, Bates, and one Manuel Hernandez were jointly tried before a jury and convicted on all counts. Their convictions and sentences were upheld by the Supreme Court of California. People v. Chavez, 50 Cal.2d 778, 329 P.2d 907 (1958), cert. denied, Chavez v. California, 358 U.S. 946, 79 S.Ct. 356, 3 L.Ed.2d 353; Bates v. California, 359 U.S. 993, 79 S.Ct. 1126, 3 L.Ed.2d 982.

This is the second federal habeas corpus proceeding brought by appellants, and the third time this court has considered this case. In 1959, Chavez and Bates filed habeas corpus petitions. Relief was denied; this court reversed. Chavez v. Dickson, 280 F.2d 727 (9th Cir. 1960). On remand, the district court again denied the applications; this court affirmed in 1962. Chavez v. Dickson, 9 Cir., 300 F.2d 683, cert. denied, Chavez v. Dickson, 371 U.S. 880, 83 S.Ct. 151, 9 L.Ed.2d 116 (1962), rehearing denied, 371 U.S. 931, 83 S.Ct. 295, 9 L.Ed.2d 239 (1962).

Bates and Chavez presented the present petitions in 1963. The first order, disposing of some issues and ordering a hearing on others, was entered on February 24, 1964. Bates v. Dickson, 226 F. Supp. 983 (N.D.Cal.1964). The district court entered its final order denying the petitions on June 29, 1966.

Appellants contend that:

1) The failure of appellants' trial counsel to object to the introduction of illegally seized evidence deprived them of due process of law;

2) The Hernandez statement which was used against appellants was unlawfully obtained because it was the product of psychological coercion;

3) Using the Hernandez extra-judicial statement against appellants deprived them of due process of law; and

4) California's use of its "harmless error" rule to forgive the foregoing infractions of appellants' constitutional rights is no longer tenable.

Two contentions applicable only to Bates were also raised:

1) That he was deprived of due process because his trial counsel failed to call witnesses to establish and to adequately pursue his defense of diminished responsibility; and

2) That he was deprived of due process of law by the use made of his prior convictions.

---

1. A more complete statement of the facts is reported in People v. Chavez, 50 Cal.2d 778, 329 P.2d 907 (1958).

## THE SEPARATE CONTENTIONS OF BATES

█ Bates claimed an "intolerance" of alcohol and contended that he was denied due process for the failure of his trial counsel to call witnesses who could establish his defense of "diminished responsibility" because he was intoxicated. The district judge found, and we agree, that trial counsel diligently pursued the question, not only by cross-examination of the prosecution witnesses, but also by direct testimony of defense witnesses and argument.

█ Bates's second claim, that he was deprived of due process of law by the use made of his prior convictions, is also without merit. Testimony concerning the prior convictions was elicited from Bates by his own counsel on direct examination, and the court gave instructions limiting the use to be made of the prior-convictions testimony. We cannot assume that the jury failed to heed the instructions. Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957). We hold that the use of the prior convictions did not result in a denial of due process and that the interest of the petitioner was protected by the instructions. Spencer v. State of Texas, 385 U.S. 554, 87 S. Ct. 648, 17 L.Ed.2d 606 (1967).

## TRIAL COUNSEL'S FAILURE TO OBJECT TO ILLEGALLY SEIZED EVIDENCE

At the habeas corpus hearing, appellants, relying upon Mapp v. Ohio, 367 U. S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), contended that unlawfully obtained evidence had been used to convict them (Chavez's jacket and the floor mat from Bates's car), but while the case was under advisement by the district judge, the Supreme Court decided, in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), that *Mapp* did not apply where the convictions were final prior to the *Mapp* decision. Being forced to abandon the original theory, appellants here contend that trial counsel's failure to object to the receipt of the evidence denied them due process.

█ Even assuming that counsel should have objected, the argument that, solely because counsel failed to object they were denied effective assistance of counsel, was answered by this court in Rivera v. United States, 318 F.2d 606, at p. 608 (1963):

> "Assuming that counsel erred * * * in failing to object to the admission of evidence, more is required to constitute denial of the effective assistance of counsel guaranteed by the Sixth Amendment. This court has repeatedly said that to be sufficient the allegations must disclose a performance by counsel so incompetent as to make the trial 'a farce or a mockery of justice.' Stanley v. United States, 239 F.2d 765, 766 (9th Cir. 1956)."

The district judge, after carefully examining the lengthy trial record, determined that in all stages counsel for petitioners exercised that degree of competence which would effectively negate any contention of incompetent counsel. Bates and Chavez each had retained counsel, the prosecution witnesses were carefully cross-examined, and a theory of defense was presented to the jury. Petitioners' representation was not of such a low quality as would "reduce the trial to a farce" Lyons v. United States, 325 F.2d 370 (9th Cir. 1963), cert. denied 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738 (1964); Reid v. United States, 334 F.2d 915 (9th Cir. 1964).

## ACCUSATORY STATEMENTS

The use of "accusatory statements," appellants claim, denied them due process of law. Appellants' brief discusses the Hernandez statement only—in the trial, however, two separate statements were used.

The first statement was made by Hernandez after his arrest, and included his role as well as Brenhaug's,[2] Bates's, and Chavez's. This court has already held that the Hernandez admission was prop-

---

2. At the time the statements were taken, a fourth man, Oscar Brenhaug, was charged with the same offenses, but his indictment was set aside.

erly admitted against Hernandez, with adequate instructions limiting the evidence to him only, and that neither Bates nor Chavez can complain that he might have been prejudiced thereby. Chavez v. Dickson, supra, 280 F.2d at 736.

 Before the Hernandez admission was received in evidence, the trial judge admonished the jury that the admission could not be considered in any way with regard to either Bates or Chavez. A confession of one codefendant is admissible against him under appropriate limiting instructions. Possible prejudice against other defendants may be overcome by instructions which limit the jury's consideration of the confession. The limiting instructions in this case were clear, and there is nothing to indicate that the jury failed to follow them. Delli Paoli v. United States, supra.

 Appellants further contend that the Hernandez admission was coerced. After a thorough hearing, the trial court found that there were no coerced confessions or admissions. This finding is amply supported by the record. The Hernandez admission was not admitted against Bates and Chavez, nor were they denied due process when it was admitted against Hernandez.

The second statement is the "joint statement," comprised of the declarations of Brenhaug (whose indictment was set aside), Bates, Chavez, and Hernandez. The four men were brought together and each was asked to tell his version of the facts. Brenhaug made a statement, which Hernandez supported. Bates said he could remember nothing of the crime. Chavez denied the accusatory statements, saying the others were lying.

 The joint statement was admitted at the trial, but only for a limited purpose —it was not admitted against Chavez at all, and the court gave the proper limiting instructions. Chavez was not prejudiced.

The statement was admitted against Bates only as an accusatory statement; that is, the jury was instructed that unless Bates's conduct indicated an admission, the statement should be entirely disregarded. The California Supreme Court held that part of the joint statement was properly admitted against Bates, while part was inadmissible. People v. Chavez, supra. The error was found to be harmless.

## HARMLESS ERROR

The appellants complain that the California court applied its "harmless error" rule and that they are entitled to the benefit of the use of the stricter federal standards. Chapman v. State of California, 386 U.S. 18, 21, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), clarified those standards after the publication of both People v. Chavez, supra, and our Chavez v. Dickson, supra. Chapman holds that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.

 The ground upon which the California court held that a portion of the joint statement should not have been admitted against Bates was not that it was involuntary or otherwise tainted by a denial of federal constitutional right, but rather was that Bates's response to the accusations against him in this portion of the statement could not be taken as indicating a consciousness of guilt on Bates's part, since his response was simply that he was unable to remember what happened, apparently because he was intoxicated. Since the California court's ruling did not rest upon a federal constitutional ground, that court was not required to apply the "beyond a reasonable doubt" standard in determining that the error was harmless, since "The application of a state harmless error rule is, of course, a state question where it involves only errors of state procedure or state law." Chapman v. State of California, supra, at 21, 87 S.Ct. at 826.

 We have heretofore held that in the context of the whole record the error was not so prejudicial as to constitute a denial of due process (Chavez v. Dickson, 280 F.2d 727, 737 (9 Cir. 1960)), and we perceive no other constitutional objection to the statement's admissibility.

There is, therefore, no federal constitutional error to which the *Chapman* standard would apply.

The denial of the petitions for habeas corpus is affirmed.