Leroy SHORTER, also known as Roy Lee Shorter, Appellant,

v.

UNITED STATES of America, Appellee.

No. 22360.

United States Court of Appeals Ninth Circuit.

May 6, 1969.

As Modified on Denial of Rehearing July 11, 1969.

---

Daniel H. Weinstein, San Francisco, Cal. (argued), James F. Hewitt, Atty., Legal Aid Society, San Francisco, Cal., for appellant.

Paul G. Sloan (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before KOELSCH and CARTER, Circuit Judges, and FOLEY,* District Judge.

JAMES M. CARTER, Circuit Judge.

Appellant, Leroy Shorter, was found guilty after a jury trial of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), and he now appeals. We Affirm.

The appeal presents the following questions:

1. Is evidence of flight admissible as an inference of guilt in the absence of

---

* Hon. Roger D. Foley, Jr., United States District Judge, District of Nevada, sitting by designation.

a foundation connecting the flight to the offense charged?

2. Should the district judge have exercised his inherent discretion to exclude proof of prior felony convictions offered for impeachment purposes by "balancing the factors" concerning them?

3. Does the rationale of Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) [1] bar the use of felony convictions offered for impeachment purposes absent a clear showing that the convictions were not obtained in violation of the rule in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963)?

On June 20, 1967, appellant and another man robbed the Hibernia Bank in San Francisco. Appellant was armed with a double barrelled sawed off shotgun; he threatened to kill the assistant manager of the bank, and he took over $10,000 from several tellers at gun point. In the process of collecting the money, he dropped a paper sack which was later retrieved by the police. Appellant was identified on the basis of his fingerprint which was found on the paper sack, and a warrant was issued for his arrest.

On July 11, 1967, two Federal officers in an automobile, holding the warrant, recognized appellant in another automobile. The officers stopped their vehicle alongside appellant's vehicle, which had also come to a stop. One of the officers, after rolling down a window of his vehicle, held up identifying credentials and said, "FBI." Appellant saw and heard the officer. As the officer started to get out of his car, appellant sped away, and the officers followed in hot pursuit. After a high speed chase of several blocks, appellant stopped his vehicle, jumped out, leaped a five foot fence and disappeared from the officers' view. Some twenty minutes later, the officers captured him hiding in bushes in a nearby park. The next day a line-up was conducted in which appellant, represented by counsel, appeared; two tellers identified appellant as the man in the bank with the shotgun.

On September 18, 1967, the trial below was commenced. The two tellers again positively identified appellant; evidence of appellant's flight which preceded his capture and arrest was introduced over his objection; and evidence of appellant's fingerprint on the paper sack was introduced. Following the conclusion of the government's case-in-chief, appellant's counsel, in response to the trial judge's inquiry, advised the court that he intended to call appellant to the witness stand. The government counsel then appraised the court of his intention to inquire of appellant, should he take the stand, whether he had ever been convicted of a felony, and produced for appellant's inspection two certified and exemplified copies of felony judgments of conviction in which Leroy Shorter was named as the defendant; the judgments did not show that the defendant was represented by counsel or had validly waived counsel. Appellant admitted the convictions pertained to him, but asked the court to rule in advance as to whether the convictions would be admissible. The court indicated that it believed the rule in this circuit favored the admissibility of the convictions, and the court then declined appellant's invitation to consider applying the rule laid down in the District of Columbia Circuit in Luck v. United States, 121 U.S. App.D.C. 151, 348 F.2d 763 (1965), to the effect that the trial court should exercise its discretion in ruling on the admissibility of prior convictions. Appellant thereafter took the witness stand and admitted upon examination by his own counsel, that he had been previously twice convicted of felony violations.

## I.

Appellant contends the evidence of his flight was inadmissible since there was no foundation connecting the flight to the offense charged; he mainly relies on

---

1. *Burgett* was decided November 13, 1967. The case at bar went to the jury on September 20, 1967.

**430**

Embree v. United States, 320 F.2d 666 (9 Cir. 1963).[2]

■ The evidence of flight after a crime has been committed, whether from the scene or at a later time, is admissible since such evidence may tend to prove the defendant's consciousness of guilt. The probative value, if any, of the evidence of flight will depend upon all the facts and circumstances in evidence in the case and is a question of fact for the jury. Rossetti v. United States, 315 F.2d 86, 87 (9 Cir.), cert. denied, 375 U.S. 814, 84 S.Ct. 45, 11 L. Ed.2d 49 (1963); D'Argento v. United States, 353 F.2d 327, 333 (9 Cir. 1965), cert. denied, 384 U.S. 963, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1966).

■ In *Embree,* supra, the court merely held that evidence of flight did not have sufficient probative value in that case to amount to an admission of guilt where there was no other evidence of defendant's guilt. *Embree* does not stand for the proposition that evidence of flight shall not be admitted unless the government, as a condition of admissibility, first lays a foundation that the defendant knew he was being sought for the particular offense charged. Moreover, in the case at bar, there was ample evidence to indicate that appellant did know he was being sought for the bank robbery. We therefore hold appellant's contention to be without merit.

### II.

■ Appellant contends the court should have exercised its discretion to exclude evidence of his prior felony convictions under the rule of Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965). On the facts of this case, the trial court never actually ruled

on this point because testimony regarding the convictions had not as yet been solicited at the time the question of admissibility was raised. In addition, this circuit has not held it reversible error for a district judge to fail to adhere to the *Luck* rule; the latest cases are Burg v. United States, 406 F.2d 235, 237 (9 Cir. 1969),[3] and United States v. Allison, (9 Cir. June 17, 1919). This circuit has not adopted the *Luck* rule; the latest case is Burg v. United States, 406 F.2d 235, 237 (9 Cir. 1969).[3] Appellant's contention is therefore without merit.

### III.

Appellant contends his conviction must be reversed because the rationale of Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) bars the use of felony convictions for impeachment when those convictions were obtained in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799, 93 A.L.R.2d 733 (1963), which guaranteed the right to counsel to defendants in state felony proceedings. *Burgett* involved the prosecution's use of prior convictions, obtained without counsel, to *enhance punishment* under the Texas recidivist statute; the Court stated (389 U.S. at 115, 88 S.Ct. at 262): "To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense (see Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526) is to erode the principle of that case. * * * The admission of a prior criminal conviction which is constitutionally infirm under the standards of Gideon v. Wainwright is inherently prejudicial * * *."

---

2. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), relied upon by appellant, involved only the question as to whether the defendant's flight "justified an inference of guilt sufficient to generate probable cause for his arrest." However, footnote No. 10 (p. 483, 83 S.Ct. 407) indicated the Supreme Court

had reservations about flight evidence generally.

3. In *Burg* as Judge Hamley points out, Judge Madden's opinion demonstrated there was compliance with the "orthodox" rule, and Judge Ely's concurrence demonstrated the trial court did "balance the factors" and thus exercised its discretion.

We need not now decide whether the prosecution's use of prior convictions obtained without counsel for *impeachment purposes* violates the rationale of *Burgett.* In the case at bar the prior convictions were not offered by the prosecutor; they were offered by the testimony of appellant himself. While the prosecutor stated that he intended to offer the priors if appellant took the stand and the court indicated it would admit them if offered, the prosecutor never had a chance either to do so or to change his mind. Appellant did not wait to see if the priors would in fact be offered and then object to them;[4] rather, he offered the evidence himself as a matter of trial strategy, probably to soften the anticipated blow in the eyes of the jury. Having adopted this strategy, which appeared to be in his best interest, he cannot now be heard to complain that his own act of offering such evidence violated his constitutional rights. We therefore hold appellant's contention to be without merit.

The judgment of the district court is Affirmed.

ROGER D. FOLEY, District Judge (Dissenting):

I am in agreement with the majority's disposition of appellant's contention relative to the admissibility of the evidence of flight.

I respectfully dissent from the majority's treatment of the second and third questions.

As stated by Judge Carter for the majority, these questions are:

II. Should a district judge exercise an inherent discretion to exclude proof of prior felony convictions offered for impeachment purposes by balancing the factors concerning them?

III. Does the rationale of Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) bar the use of felony convictions offered for impeachment purposes absent a clear showing that the convictions were not obtained in violation of the rule in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963)?

II.

After the Government had rested its case, appellant's counsel, out of the presence of the jury, advised the Court that the appellant would testify in his own defense. The Government informed the Court and appellant's counsel that for the purposes of impeachment, it would ask appellant on cross-examination whether or not he had previously been convicted of a felony. The Government represented that it had properly authenticated copies of two felony convictions of appellant in the State of Louisiana. Appellant's counsel, having seen the records, conceded the convictions were for felonies, but argued that the Court should, in the exercise of its discretion, rule that it would refuse to admit the evidence of the prior felony convictions because of appellant's youth at the time of the convictions in 1958 and 1959, and because it appeared from the records of the Louisiana proceeding that the appellant was without counsel. Appellant's counsel urged the Court to follow the case of Luck v. United States, 1965, 121 U.S.App.D.C. 151, 348 F.2d 763, and in the exercise of sound discretion indicate at that time that it would exclude the evidence of the Louisiana convictions because the prejudicial effect of the proferred evidence outweighed its probative value as to appellant's credibility. After some discussion with counsel, the Court refused to follow Luck v.

---

4. Trial courts often hear matters out of the presence of the jury and a record of counsel's objections are made and overruled in advance of the time the particular problem arises in the trial. However, when the point is reached in the trial where the particular evidence is presented, the better practice is to make an objection "on the grounds heretofore stated." Here there was no stipulation that objection need not be made when the evidence was offered. Moreover, it was the appellant and not the government who offered the prior convictions.

United States, stating that in this circuit the rule is that prior felony convictions are admissible to impeach a defendant. Appellant then took the witness stand. His counsel, in view of the Court's announced position and anticipating that the Government would be successful in proving the prior felony convictions, solicited from appellant the admissions that he had twice been convicted of felonies in Louisiana.

Since it seems unfair to me to hold that the trial judge has no discretion and must in all cases admit prior convictions for impeachment purposes, I disagree with the majority and approve the language used by Judge McGowan in Luck v. United States, supra. Beginning at page 768 of 348 F.2d, Judge McGowan states:

"* * * There may well be cases where the trial judge might think that the cause of truth would be helped more by letting the jury hear the defendant's story than by the defendant's foregoing that opportunity because of the fear of prejudice founded upon a prior conviction.[7] There may well be other cases where the trial judge believes the prejudicial affect of impeachment far outweighs the probative relevance of the prior conviction to the issue of credibility. This last is, of course, a standard which trial judges apply every day in other contexts; and we think it has both utility and applicability in this field.[8]

"In exercising discretion in this respect, a number of factors might be relevant, such as the nature of the prior crimes,[9] the length of the criminal record, the age and circumstances of the defendant, and, above all, the extent to which it is more important to the search for truth in a particular case for the jury to hear the defendant's story than to know of a prior conviction. The goal of a criminal trial is the disposition of the charge in accordance with the truth. The possibility of a rehearsal of the defendant's criminal record in a given case, especially if it means that the jury will be left without one version of the truth, may or may not contribute to that objective. The experienced trial judge has a sensitivity in this regard which normally can be relied upon to strike a reasonable balance between the interests of the defendant and of the public." (Footnotes 7, 8 and 9 in the above quotation are found at pages 768 and 769 of the *Luck* case.)

The fact that the District of Columbia Code appears to give the trial court discretion (see Footnote 6, page 768, of the *Luck* case) does not diminish the wisdom and justice of the point of view expressed by Judge McGowan.

Also, I call attention to the following additional authorities which support the position that the trial judge does have discretion in deciding whether or not to admit evidence of prior felony convictions offered to impeach a defendant. Daniel v. United States, 5 Cir., 1959, 268 F.2d 849, at 852; United States v. Deaton, 2 Cir., 1967, 381 F.2d 114, 117.

See Judge Hamley's and Judge Ely's concurring opinions in Burg v. United States, 406 F.2d 235 (9th Circuit, 1969).

### III.

Appellant urges this Court to reverse, contending that the rationale of Burgett v. Texas, supra [1] bars the use of felony convictions for impeachment when those convictions were obtained in violation of

1. *Burgett* was decided November 13, 1967, while the case at bar went to the jury on September 20, 1967. No Federal Court case has been found restricting *Burgett* to prospective application only. Federal Courts have applied the *Burgett* doctrine retroactively to cases prior to the date of the *Burgett* decision. Clark v. Turner (Utah D.C.1968), 283 F.Supp. 909, 911 (conviction in 1961); Wilson v. Wiman (6 Cir. 1967), 386 F.2d 968, 969 (conviction in 1964); Williams v. Coiner (4 Cir. 1968), 392 F.2d 210, 211 (conviction in 1936); United States ex rel. Johnson v. Yeager (3 Cir. 1968), 399 F.2d 508, 511 (conviction in 1958); Bates v. Nelson (1968), 393 U.S. 16, 89 S.Ct. 50, 21 L.Ed. 2d 21 (conviction in 1956).

the standards of Gideon v. Wainwright, supra. In *Gideon*, it was held that the right to counsel guaranteed by the Sixth Amendment of the Constitution was made applicable to the States by the Fourteenth Amendment, making it unconstitutional to convict a person for felony in a state court unless he had counsel or validly waived counsel.

The authenticated records of the State of Louisiana, Parish of Rapides, copies of which are attached as an exhibit to appellant's brief, reveal the following:

1. Case No. 41,467. (Burglary) On October 9, 1958, defendant was present in open court. The record is silent as to presence of counsel and there is no record of waiver of counsel. Defendant waived arraignment and pled guilty.

2. Case No. 41,467. On October 13, 1958, the record shows that defendant was present in open court. The record is silent as to presence of counsel and there is no record of waiver of counsel. Defendant was sentenced to two years at hard labor in the Louisiana State Penitentiary.

3. Case No. 44,617. (Robbery) The record of November 2, 1959, shows that the accused was present in open court, that he was arraigned and pled guilty. The record is silent as to the presence of counsel and there is no record of waiver of counsel.

4. Case No. 44,617. The record of November 3, 1959, shows that the defendant was present in open court without counsel. The defendant was sentenced to five years at hard labor in the Louisiana State Penitentiary. There is no record of waiver of counsel.

The rule of *Gideon* applies to appellant's convictions. It is not limited to prospective application. Burgett v. Texas, supra; Doughty v. Maxwell, 376 U. S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650 (1964); Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41 (1963); United States ex rel. Durocher v. LaVallee, 2 Cir., 1964, 330 F.2d 303.

The authenticated records of appellant's two Louisiana felony convictions raises a presumption that appellant was denied his right to counsel, rendering the proceedings void. Burgett v. United States, supra. To presume a waiver of counsel from a silent record is impermissible. Burgett v. United States, supra; Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). We note, with interest, that after *Gideon* came down, but before *Burgett* was decided, the Supreme Court of California, in People v. Coffey, 1967, 67 Cal.2d 204, 60 Cal.Rptr. 457, 430 P.2d 15, stated, at page 25:

"We are convinced that the use of a constitutionally invalid prior conviction to impeach testimonial credibility is improper, and that to allow such impeachment is error under California law. (Cf. People v. Hamilton (1948) 33 Cal.2d 45, 50, 198 P.2d 873; Macfarlane v. Dept. Alcoholic Bev. Control (1958) 51 Cal.2d 84, 89, 330 P.2d 769; People v. Banks (1959) 53 Cal.2d 370, 382, fn. 7, 1 Cal.Rptr. 669, 348 P.2d 102.) Further, we are of the view that such error is of federal constitutional dimension. It is clear that a conviction of crime, no matter when sustained, is constitutionally invalid if it was obtained in violation of the Sixth and Fourteenth Amendments. (Gideon v. Wainwright, supra, 372 U. S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Doughty v. Maxwell, supra, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650; United States v. LaVallee, supra, 330 F.2d 303; In re Woods, supra, 64 Cal.2d 3, 48 Cal.Rptr. 689, 409 P.2d 913.) We think it equally clear that the utilization of such a conviction, at the trial of a subsequent offense, for any purpose leading to a conviction for such subsequent offense, is violative of the due process clause of the Fourteenth Amendment."

I am impressed by the fact that although the Texas Court of Criminal Appeals affirmed the conviction because Burgett did not in fact suffer enhancement of punishment, and because the

jury was instructed to disregard the prior convictions, the Supreme Court did not take the same view. Twice Justice Douglas stressed that the accused "suffered anew" the denial of his right to counsel.

The rule, as I see it, is that a prior conviction, void under *Gideon,* cannot be used for any purposes, proof of guilt, enhancement of punishment or impeachment, without denying due process.

While I agree that the evidence against the appellant is strong and that his guilt is clear from the record, and that this is a most serious case—a crime of potential violence, and while I concede that we might, in all fairness to this appellant, apply the harmless error rule, I cannot reason around the flat unequivocal statement of Justice Douglas in *Burgett,* page 115:

"The admission of a prior criminal conviction which is constitutionally infirm under the standards of Gideon v. Wainwright is inherently prejudicial and we are unable to say that the instructions to disregard it made the constitutional error 'harmless beyond a reasonable doubt' within the meaning of Chapman v. California, 386 U. S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705."

I believe that appellant's argument under *Burgett* should be answered directly and not avoided, as the majority has done. I see no real basis for treating this case differently from one in which the prior convictions were offered by the Government, or came into evidence in response to direct questions of appellant while under cross-examination by the Government.

In Bates v. Dickson[2] (N.D.Calif.S.D. 1964), 226 F.Supp. 983, 989, wherein by writ of habeas corpus the question of proper admission of prior convictions of Bates was raised as a constitutional issue, the District Court held that the prior convictions of Bates were admitted in the state court under proper instruction for purposes of impeachment after defendant had voluntarily taken the stand. The district judge held that no error had been committed by the state court trial judge, and denied the petition.

On appeal from the District Judge's decision, the Ninth Circuit, in Bates v. Wilson (1967), 385 F.2d 771, at 772 and 773, on the contention of Bates, "That he was deprived of due process of law by the use made of his prior convictions", found that the "testimony concerning the prior convictions was *elicited from Bates by his own counsel on direct examination*" (emphasis added); that the state trial court gave instructions limiting the use to be made by the prior-convictions testimony; and concluded on this point by stating, "We hold that the use of the prior convictions did not result in a denial of due process and that the interest of the petitioner was protected by the instructions".

In Bates v. Nelson, 393 U.S. 16, 89 S.Ct. 50, 21 L.Ed.2d 21, the Supreme Court granted certiorari from this decision of the Ninth Circuit, and on October 14, 1968, vacated the judgment and remanded the case to the Court of Appeals for further consideration in the light of Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. (On the prior conviction point.)

I would remand this case in order that the Government may have an opportunity to satisfy the District Court, if it can, that the Louisiana felony convictions were not obtained in violation of the *Gideon* rule. Under *Burgett* the Government must overcome the presumption that the appellant was denied his right to counsel, and under the same case, a waiver of counsel cannot be presumed from a silent record. Any waiver of counsel must be competently and intelligently made. Johnson v. Zerbst, 304

2. The prior histories of the *Bates* and *Chavez* cases are summarized in Chavez v. Dickson (9 Cir. 1962), 300 F.2d 683, cert. denied 371 U.S. 880, 83 S.Ct. 151, 9 L. Ed.2d 116, rehearing denied 371 U.S. 931,

83 S.Ct. 295, 9 L.Ed.2d 239; see People v. Chavez, 50 Cal.2d 778, 329 P.2d 907, cert. den. 358 U.S. 946, 79 S.Ct. 356, 3 L.Ed.2d 353; see also Chavez v. Dickson (9 Cir. 1960), 280 F.2d 727.

U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357 (1938). If the Government cannot satisfy the Court that the standards of *Gideon* were met, the judgment should be reversed and appellant afforded a new trial.

Order on Petition for Rehearing, etc.

Before KOELSCH and CARTER, Circuit Judges, and FOLEY,* District Judge.

JAMES M. CARTER, Circuit Judge:

The panel having voted unanimously to deny the petition for rehearing and to reject the suggestion for a hearing in banc; and all members of the court having been so advised and no judge having voted for a hearing in banc.

It is ordered that the petition for rehearing is denied and the suggestion for hearing in banc is rejected.

## MEMORANDUM ON PETITION FOR REHEARING

The dissent cites Bates v. Wilson, 385 F.2d 771 (9 Cir. 1967) and Bates v. Nelson, 393 U.S. 16, 89 S.Ct. 50, 21 L.Ed.2d 21 (1968) vacating the judgment in Bates v. Wilson, and remanding the case to the court of appeals. The dissent states that the case was remanded for further consideration in the light of Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Actually the case was remanded "for further consideration in the light of Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319; Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, and Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100." The issue common to Bates v. Nelson and the three cases cited in it—*Burgett, Bruton,* and *Roberts,* concerned cautionary instructions. But the case at bar has no such link.

We suggest that the Supreme Court in *Bates* was simply telling this court to reexamine our conclusion that a limiting instruction fully protected the accused; for that proposition we had relied upon Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278, a case expressly overruled on that point in *Bruton, Burgett, Bruton* and *Roberts* provided helpful guidelines as to the efficacy or lack of efficacy of such instructions. See also Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (June 2, 1969) also involving *Bruton.*

KOELSCH, Circuit Judge, concurs.

ROGER D. FOLEY, District Judge, stands on his dissent.