42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerald Arthur WHITNEY, Petitioner-Appellant,
v.
Tim MURPHY; Attorney General, State of Arizona,
Respondents-Appellees.
 No. 94-15208.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1994.*
Decided Dec. 5, 1994.
 
 Before: SCHROEDER, FERGUSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerald Arthur Whitney, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his convictions for kidnapping and aggravated assault. Whitney contends the state trial court violated his federal constitutional rights by: (1) finding that statements he made subsequent to his arrest were knowing, intelligent and voluntary; (2) permitting into evidence under the excited utterance exception to the hearsay rule out-of-court statements of three unavailable witnesses; (3) permitting the state to amend the information on the day of trial; (4) permitting the state to impeach his testimony through the use of his prior felony convictions; and (5) misinstructing the jury on the elements of aggravated assault. He also contends the district court erred by finding that the latter three claims failed to state a federal claim. We affirm the judgment of the district court.
 
 
 3
 1. The district court correctly concluded that Whitney's post-arrest statements were voluntary, knowing and intelligent. Considering the totality of the circumstances, Whitney's decision to talk to interviewing officers was not a result of his will being overborne. See United States v. Miller, 984 F.2d 1028, 1031 (9th Cir.), cert. denied, 114 S.Ct. 258 (1993).
 
 
 4
 2. The out-of-court statements of the unavailable witnesses were admitted as excited utterances under Arizona law. This court has recognized that the statements of an individual who witnesses but is not a victim of the crime can be admissible as excited utterances. See United States v. Tsinnijinnie, 601 F.2d 1035, 1037 (9th Cir.1979), cert. denied, 445 U.S. 966 (1980). As the evidence of Whitney's guilt was overwhelming, we do not reach the question of whether the statements' admission violated his right to confrontation.
 
 
 5
 3. Although Whitney's argument regarding late amendment of the information against him could potentially state a federal right violation, any such error is harmless because Whitney's counsel conceded that he had prepared for trial on the assumption that the information would be amended. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993).
 
 
 6
 4. Similarly, under certain circumstances, admission of Whitney's prior convictions for impeachment purposes could state a claim of federal right violation. However, because Whitney himself introduced the priors during his direct testimony, he waived any argument of constitutional error in their subsequent admission. Cf. Shorter v. United States, 412 F.2d 428, 431 (9th Cir.), cert. denied, 396 U.S. 970 (1969).
 
 
 7
 5. Whitney claims the district court's instruction permitted the jury to convict him of a crime with which he was not charged: aggravated assault based upon the injury done to Vickery when Whitney grabbed her in a choke hold, rather than the injury resulting from his attempt to run down the victims with his car. This argument is without merit as the trial court's clarification of the jury's question was not ambiguous. In any event, the district court correctly concluded that the instruction was a matter of state law and failed to state a federal claim. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). No constitutional error infected the jury instructions.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3