**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> ANTHONY FLORES, AKA BabyGfar; IVIN KITU SANFORD, <br><br> Defendants - Appellees. | No. 23-4002 <br><br> D.C. No. 2:23-cr-00414-HDV <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Hernán D. Vera, District Judge, Presiding

Argued and Submitted May 16, 2024
Pasadena, California

Before: COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

The United States appeals the district court's pretrial ruling *in limine*

excluding flight evidence and evidence of a stolen car in the government's criminal

prosecution of Anthony Flores and Ivin Kitu Sanford (together, "Defendants"). We

have jurisdiction under 18 U.S.C. § 3731. We review a district court's exclusion of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

evidence under Federal Rule of Evidence 403 for abuse of discretion. *United States v. Jayavarman*, 871 F.3d 1050, 1063 (9th Cir. 2017).[1] A district court abuses its discretion when it "makes an error of law" or makes findings of fact that are "illogical, implausible, or without support" in the record. *United States v. Hinkson*, 585 F.3d 1247, 1261, 1263 (9th Cir. 2009) (en banc). We reverse and remand.

Federal Rule of Evidence 403 permits a district court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Evidence is "unfairly" prejudicial when "it has an undue tendency to suggest a decision on an improper basis such as emotion or character rather than evidence presented on the crime charged." *United States v. Joetzki*, 952 F.2d 1090, 1094 (9th Cir. 1991). Unfair prejudice "must not merely outweigh the probative value of the evidence, but *substantially* outweigh it." *United States v. Haischer*, 780 F.3d 1277, 1281–82 (9th Cir. 2015) (quoting *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995)).

---

[1] We reject the government's argument that this issue should be reviewed de novo, as the record shows that the district court performed the requisite Rule 403 balancing, and the government produces no evidence supporting its assertion that the district court did not review the video evidence. *United States v. Milner*, 962 F.2d 908, 912 (9th Cir. 1992); *Jayavarman*, 871 F.3d at 1064.

On this record, the district court abused its discretion when it ruled that the government is prohibited entirely from introducing evidence of the post-theft flight and stolen car under Rule 403.[2] The evidence is probative as to Defendants' identities, mentes reae, and consciousness of guilt, and there is no unfair prejudice that substantially outweighs the probative value. Relevant evidence "is not rendered inadmissible because it is of a highly prejudicial nature. . . . The best evidence often is." *United States v. Parker*, 549 F.2d 1217, 1222 (9th Cir. 1977) (quoting *United States v. Mahler*, 452 F.2d 547, 548 (9th Cir. 1971) (per curiam)). Rule 403 "refers only to *unfair* prejudice." *United States v. Decinces*, 808 F.3d 785, 791 (9th Cir. 2015).

The government's theory of the case is that Defendants conspired to commit and committed a Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), rather than mere shoplifting. The evidence the government seeks to introduce regarding the stolen car and Defendant's flight is probative as to Defendants' understanding of "the severity of their crimes"—that is, that Defendants intended to specifically commit a Hobbs Act robbery. Even if Defendants do not contest that they committed a theft, the government is entitled to present its case to the jury, and it is ultimately for the jury to determine how much weight to give to the evidence. *See*

---

[2] We reject Defendants' argument that the government has forfeited arguments related to the stolen car, as the government's opening brief referenced this issue.

*Old Chief v. United States*, 519 U.S. 172, 186–87 (1997); *Rossetti v. United States*, 315 F.2d 86, 87 (9th Cir. 1963) (per curiam). Similarly, the government is entitled to introduce the evidence to show that the stolen car is the same one that was on Sanford's Instagram, and that Defendants were wearing the same clothes during the flight as captured in the surveillance video. Introducing such evidence would allow the government to complete its narrative of the crimes and "explain . . . the circumstances under which" it obtained its evidence and "the events surrounding the commission of the crime." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995).

Defendants argue that admitting the flight evidence and evidence of the stolen car would require them to introduce evidence of other crimes they had committed, which in turn would be unfairly prejudicial. But Rule 403 concerns unfair prejudice caused by the evidence itself, not unfair prejudice stemming from Defendants' response to the evidence. To the extent that the district court's determination was based upon a conclusion that the jury might draw impermissible propensity inferences, the district court abused its discretion in implicitly concluding that such inferences could not be resolved by the government's requested jury instructions. *Cf. United States v. Holmes*, 229 F.3d 782, 786 (9th Cir. 2000) (setting forth the standard of review).

23-4002

While we conclude the district court erred in making a wholesale exclusion of the flight and stolen car evidence, we emphasize that the court retains its authority to ensure that specific details of the actual testimony and other evidence offered by the government on these points otherwise complies with the rules of evidence. And, so long as it does so in a manner consistent with this ruling, the district court may also issue appropriate limiting instructions to prevent the jury from using the evidence for any improper purposes that it may identify as the trial unfolds. *See United States v. Hankey*, 203 F.3d 1160, 1173 (9th Cir. 2000).

**REVERSED AND REMANDED.**