NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIKE DUFFY III,

Defendant - Appellant.

No. 24-3902

D.C. No.
3:22-cr-08057-DGC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted November 17, 2025[**]
Phoenix, Arizona

Before: N.R. SMITH, HURWITZ, and COLLINS, Circuit Judges.

Mike Duffy III appeals his conviction and sentence for two counts of assault

with a dangerous weapon under 18 U.S.C. §§ 113(a)(3) and 1153 and one count of

discharge of a firearm during a crime of violence under 18

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 924(c)(1)(A)(iii). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and affirm.

1. Duffy contends there was insufficient evidence to prove he aided and abetted the passenger of his vehicle in shooting at pursuing police officers. *See* 18 U.S.C. § 2(a). Duffy admits to driving the vehicle and being aware that the rifle used in the shooting was in the vehicle but denies having the intent to aid and abet the shooting. *United States v. Gaskins*, 849 F.2d 454, 459 (9th Cir. 1988) (noting one element "necessary to convict an individual under an aiding and abetting theory" is that "the accused had the specific intent to facilitate the commission of a crime by another").

In reviewing the sufficiency of the evidence, we consider "only the legal question whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (cleaned up). When "faced with a record of historical facts that supports conflicting inferences a reviewing court must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (cleaned up).

Viewed in the light most favorable to the prosecution, sufficient evidence

supported Duffy's conviction. He not only admitted to knowing the rifle was in the vehicle and to driving the vehicle before, during, and after the shooting, but there also was evidence that Duffy notably slowed the vehicle moments before the shooting and "took off" from the scene only after several more shots were fired and that he later buried the rifle in the desert. *See Rosemond v. United States*, 572 U.S. 65, 78 n.9 (2014) ("[I]f a defendant continues to participate in a crime after a gun was displayed or used by a confederate, the jury can permissibly infer from his failure to object or withdraw that he had [advance] knowledge."); *Shorter v. United States*, 412 F.2d 428, 430 (9th Cir. 1969) ("The evidence of flight after a crime has been committed, whether from the scene or at a later time, is admissible since such evidence may tend to prove the defendant's consciousness of guilt.").

2. Duffy also contends that the district court erroneously instructed the jury about when an assault is complete. Because Duffy failed to object to the instruction in the district court, our review is only for plain error. *See* Fed. R. Crim P. 30(d), 52(b). To establish plain error, Duffy must show that there was an "(1) error (2) that was plain and (3) that affects substantial rights, which generally means that there must be a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Michell*, 65 F.4th 411, 414 (9th Cir. 2023) (cleaned up). "If those three requirements are met, an appellate court may grant relief if it concludes that the error had a serious effect on the fairness,

integrity or public reputation of judicial proceedings." *Greer v. United States*, 593 U.S. 503, 508 (2021) (cleaned up). The district court did not plainly err in instructing the jury that aiding and abetting must occur before the charged assault "is completed" and that "[t]he crime of assault with a dangerous weapon was completed when the assault with the weapon ended." Duffy has failed to show that the use of "was" rather than "is" in the second instruction was a plain error affecting his substantial rights. Even assuming that the use of "was" suggested that an assault *had* occurred, Duffy has not shown prejudice. Duffy does not contest that someone in his vehicle shot at the police officers, and ample evidence at trial confirmed the assault occurred.

3.    A trial judge may not coerce the jury to reach a verdict. *See United States v. Evanston*, 651 F.3d 1080, 1084 (9th Cir. 2011). "[V]iewed in light of the context" in which the statements were made, *Locks v. Sumner*, 703 F.2d 403, 407 (9th Cir. 1983), the district judge's initial estimates that the trial would last one week and his subsequent failure to remind jurors on Friday at 5:54 p.m. of their option to return the following Monday were not coercive. The judge set no deadline on deliberations and expressly instructed jurors not to "change an honest belief about the weight and effect of the evidence simply to reach a verdict." The judge also told the alternate jurors—in the presence of all jurors—that they may need to return the following Monday.

The district court did not err in declining to consider a phone call by a juror to the judge's chambers after the trial ended because the call concerned statements made during jury deliberations, not extraneous information improperly brought to the jury's attention, any outside influence, or a mistake in entering the verdict. *See* Fed. R. Evid. 606(b)(2); *see also United States v. Leung*, 796 F.3d 1032, 1038 (9th Cir. 2015) (holding that the court could not consider testimony that jurors prematurely reached a verdict); *United States v. Marques*, 600 F.2d 742, 747 (9th Cir. 1979) (finding it improper to consider testimony that a compromise verdict was reached because jurors believed "the judge would probably keep us late again until some verdict was reached").

**AFFIRMED.**